VERMONT BOX COMPANY *v.* WILBUR E. HANKS.

May Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, JJ., and WILSON, SUP. J.

Opinion filed October 10, 1917.

*Jury—Challenge to Array—Drawing Jurors—Evidence—Admissibility—Declarations · of Agent—Witnesses—Explanation of Testimony—Exceptions—When Unavailing—Instructions—Requests—When Properly Refused—Fraud—Falsity of Representations.*

A challenge to the array is not required to be in writing, but it is sufficient if the grounds of the challenge are stated with sufficient fullness and definiteness reasonably to inform the court and the adverse party of the precise departure from the legal requirements relied upon, and are taken down by the court stenographer.

It is not essential to the validity of a challenge to the array that it be accompanied by affidavits, because proof of the illegal acts upon which the challenge is based may be made by oral testimony.

After a party has taken a challenge to the poll, he cannot as of right challenge the array; but even where the ground is previously known to the challenging party, the court may, in its discretion, permit a challenge to the array after challenges to the polls have been exercised and before the jury is sworn.

A party to an action to be tried at a term of court is disqualified from participating in any manner in the drawing or summoning of the jurors to serve at the same term; and so it is error, on a challenge to the array, to exclude offered evidence that the jurors were selected by drawing their names in the presence of defendant, by either the clerk of court or the sheriff, and only those drawn who were reported to be all right by the defendant, or others present, because, if the acts charged were proved, the array should have been quashed.

In an action for fraud in misrepresenting the boundary of land sold by defendant to plaintiffs, evidence that the agent of the defendant, when sent upon the land by defendant to show it to plaintiffs' representative, understood that one boundary of the land was a town line, and so told plaintiffs' representative, is admissible. .

In such case evidence is admissible that, after the purchase by plaintiffs, they sent the same man who had acted as defendant's agent upon the land to point it out to prospective purchasers, and that he told them where the line was, as he had told plaintiffs' representative.

The statement of an agent, made in the performance of the duties of his agency, cannot be proved by his subsequent statement upon the same subject matter when acting as the agent of another principal.

In an action for fraud in the sale of land, where defendant testified that he told the plaintiffs that the land in question ran "to the Fayston line and to the pulp company line," it was not error to permit his own counsel to ask him what line of the pulp company he meant, in order to make his meaning clear.

Where no ground of objection to evidence is stated, and it cannot be said that the evidence is wholly irrelevant and immaterial, an exception thereto will not be sustained.

An exception to a portion of the charge, which requires an examination of the evidence, will not be considered where the excepting party does not, in his brief, make specific reference to such parts of the evidence as he deems material, as required by County Court Rule 6, Par. 5.

It is not error to fail to comply with a request to charge, which is simply a statement of an abstract principle of law without reference to the matter of the context, and without anything to indicate how the jury should apply it to the evidence in the case.

In an action for fraud in the sale of land, a request to charge which included the right of plaintiffs to rely upon representations of defendant regarding lands not involved in the case, was inapplicable and rightly refused.

In an action for fraud in the sale of land, a requested instruction, that if defendant represented that he had personal knowledge as to the eastern boundary of the land, being aware that he had not such knowledge, his representation was fraudulent, although he stated the boundary as he believed it to be, was properly refused, because the element of the falsity of the representation was omitted.

*Mann* v. *Fairlee*, 44 Vt. 672, distinguished.


TORT for fraudulent representations in the sale of real estate. Plea, the general issue. Trial by jury at the June Term, 1916, Addison County, *Miles*, J., presiding. Verdict for defendant. Plaintiffs excepted. The opinion states the case.

*Charles I. Button* and *John W. Redmond* for plaintiffs.

The court should have heard the testimony offered by plaintiffs to show that the jury were improperly drawn. *Jones* v. *State,* 3 Blackf. (Ind.) 37; *Gardner* v. *Turner,* 9 Johns. (N. Y.) 260; *Moore* v. *Navassa Guano Co.,* 130 N. C. 229, 41 S. E. 293; *Eaton* v. *Commonwealth,* 6 Binney 447; *McDonald* v. *Shaw,* 1 N. J. L. 6; Question whether the jury were properly drawn, 1 Brown (Pa.) 121; *Pringle* v. *Huse,* 1 Cowan (N. Y.) 432; *Mann* v. *Fairlee,* 44 Vt. 672.

The court erred in holding the statute directory rather than mandatory. *Moore* v. *Navassa Guano Co.,* 130 N. C. 229; *U. S.* v. *Hargo,* (Okla.) 98 Pac. 1021, 20 L. R. A. (N. S.) 1014.

*Robert W. McCuen, James B. Donoway* and *Rufus E. Brown* for defendant.

The plaintiffs waived their right to challenge the array by failing to do so until after they had taken challenge to the poll. *Cooley* v. *State,* 38 Tex. 636; Coke Litt. 158; Bacon's Abr. tit. "Juries," Ch. 11; *People* v. *Roberts,* 6 Cal. 214; Thompson & Merriam on Juries, §§ 266, 275; *State* v. *Wright,* 45 Kan. 136; *State* v. *Clark,* 121 Mo. 513; *State* v. *Taylor,* 134 Mo. 109; *People* v. *McKay,* 18 Johns. 218; *Gropp* v. *People,* 67 Ill. 160; *Muller* v. *Rebhan,* 94 Ill. 192; *Watkins* v. *Weaver,* 10 Johns. 107; *State* v. *Davie,* 41 Iowa 315; *State* v. *Bryan,* 40 Iowa 379.

WATSON, C. J.    This is an action of tort based on fraudulent representations in the sale of real estate.   The case was docketed in Addison County court on October 12, 1915, and was tried by jury at the June Term, 1916.   Before and at the time of the trial, the defendant was one of the assistant judges of that court. During the impaneling of the jury, and after counsel for the plaintiffs had examined some of the jurors on the *voir dire,* and had exercised five challenges to the polls, the plaintiffs challenged the array, on the ground that the defendant was present and assisted in the selection of the array of jurymen for the term, and in support of this challenge offered to show that the jurors were selected by drawing the names in the presence of the defendant, either by the clerk of court or the sheriff, they both being present, looking at the names and discussing them before it was decided

whether they would be jurors or not. The challenge was disallowed, the exception saved. The plaintiffs then in effect repeated their challenge to the array (though not stating it as fully and definitely as before), and in support thereof offered to show that the jurors were not chosen according to the statute, but that the different jurymen elected by the various towns were discussed as their names were drawn from the respective boxes, as to whether they were suitable jurymen or not, those being summoned who were reported to be all right by the defendant, or the sheriff, or others present, the plaintiffs claiming that it was irregular for anyone except the sheriff and the clerk to take part in the selection and summoning of the jurors, under the statute. The court seems then to have considered the matter of such challenge *de novo*, and (coming in the next morning) held that the statute was directory rather than mandatory, and disallowed the challenge, to which an exception was saved to the plaintiffs, and the jury impaneled.

The statute provides particularly how the names of grand and petit jurors returned by the clerks of the several towns of the county to the county clerk, shall be arranged and kept by the latter in boxes, and that, within the time specified, the sheriff or his deputy shall, "at the office and in the presence of the clerk of the county, draw out of the 'boxes' the number of names required to be summoned from the towns respectively; and the county clerk shall issue a venire commanding such officer to summon the persons so drawn." Except that if a person drawn is absent or sick so that probably he can not attend the court, or if he has within two years been drawn as a juror from a town of more than two hundred inhabitants, his name shall be returned to the box and another drawn and summoned. P. S. 1468-1470.

It is said in Coke upon Littleton (156. a.), that "if any one or more of the jurie be returned at the domination of the partie, plaintife or defendant, the whole array shall be quashed. So it is if the sherife returne any one, that he be more favorable to the one than the other, all the array shall be quashed." The same grounds of challenge to the array are stated in Bacon's Abridgment, Vol. 5, Juries, E. 1; in Blackstone, Book III, 359; and in Stephen's Com. (8th Ed.) Vol. 3, 540. It is urged that the challenge was properly dismissed for that (1) it was not in writing; (2) no affidavits in support of it were submitted; (3) the plaintiffs did not accept the offer of the court to hear the

testimony and try the question raised by the challenge; and (4) the right of the plaintiffs to challenge the array was waived by previously proceeding to examine jurors on the *voir dire*.

Concerning the third ground stated, it is enough to say that obviously the court below did not so treat the matter in finally disposing of the challenge.

Under our practice such challenges are not required to be in writing. The grounds of challenge should be sufficiently full and definite reasonably to inform the trial court and the adverse party of the precise departure from the legal requirements relied upon. Very likely it is the better way to reduce the challenge to writing; but if it be stated with the required fullness and definiteness,—concerning which no question is raised in this case,—and taken down by the stenographer of the court, as it fairly appears to have been done in this instance, it is sufficient. *Ullman* v. *State*, 124 Wis. 602, 103 N. W. 6. Nor was it essential to the validity of the challenge that it be accompanied by affidavits proving the alleged illegal acts upon which it is based. It devolved upon the challenger to make such proof, but this could be done by oral evidence or by affidavits. *Borrelli* v. *People,* 164 Ill. 549, 45 N. E. 1024. The record shows that on the first day of the term, and before this case was called for trial, one of the plaintiffs' attorneys was informed and believed that the defendant was present and assisted the sheriff and the clerk of the court, in the selection of the jurors drawn to hear causes at that term; and that notwithstanding this, the challenges to the array were not made until after the plaintiffs had exercised several challenges to the polls. The rule seems to be firmly established that after a party has taken a challenge to the poll, he can not as a matter of right challenge the array. Co. Litt. 158. a.; Bac. Abr. Juries, E.

The case of *Mann* v. *Fairlee*, 44 Vt. 672, is relied upon as an authority to the contrary. But it is not so. There one of the jurors who sat in the case was, by mistake of the sheriff, summoned to serve as a juror at the term of court, the sheriff supposing he was the man of that name drawn, when in fact he was a different person from the same town and having the same name, except he had no middle name, as did the one drawn. There was no collusion or fraud on the part of any one, and neither party to the case was aware of the mistake till after the verdict was rendered and the jurors discharged from service in the cause.

This Court said that "where a person is legally competent to act as a juror, but was irregularly selected, and the irregularity becomes known before the verdict is rendered, a new trial will be granted on motion .by either party, unless the party making the motion has expressly waived all objection to the juror arising from the irregularity in the manner of his selection." In such circumstances the objection goes to a single juror. It does not affect the whole panel, and so not a ground of challenge to the array. Whether a challenge of the latter class can, as matter of right, be taken after challenge to the poll, in case the ground therefor be not earlier known, we need not consider, for such want of knowledge is an element not in the case before us. Yet we think that when no such want of prior knowledge exists, it is within the discretionary power of the court to permit a challenge to the array after challenges to the polls have been exercised and before the jury is sworn (see *Brunskill* v. *Giles,* 9 Bing. 13; *Mayor, etc. of New York* v. *Mason,* 4 E. D. Smith, 142; *Cox* v. *People,* 80 N. Y. 500), and that this is what the court did in the instant case. In ruling upon the challenge, the court said: "We feel that the motion pending before us, if the matter was regularly raised, would not justify us in discharging the array. We feel that the statute is directory rather than mandatory, and that it is hardly sufficient that an irregularity might exist in the call,—that is the only ground that is raised,—that would justify the court in discharging the array; we therefore overrule the motion, and an exception is given the plaintiffs, and the jury impaneled."

Thus it appears that the court considered the challenge and disposed of it on specified grounds other than that it was not seasonably made, or that the right to exercise such challenge had been waived.

But whether the statute be directory or otherwise makes no difference with the character and the effect of the acts (if established) of the sheriff in allowing the defendant to participate in the manner offered to be shown, in arraying the jurors. The plaintiffs were entitled to have their case tried by an impartial jury composed of men selected as contemplated by law, without any direction or influence of the defendant. It requires no argument to convince any person having a proper respect for law, and the due administration of justice, that a party to an action to be tried at a term of court, is disqualified from participating

in any manner in the drawing or summoning of the jurors to serve at the same term. If the facts offered to be shown regarding the acts of the defendant in connection with the sheriff in arraying the jurors had been established, a more flagrant attempt at selecting the whole panel in the interest of one having a cause to be tried by jury, can not well be imagined. The evidence should have been received, and if the unlawful acts charged be proved, the array should have been quashed. The ruling of the court in this respect was reversible error.

The plaintiffs seek to recover damages to the amount of the value of a tract of land situated between the top of the mountain in the town of Huntington and Avery's Gore, on the west, and the town line of Fayston, on the east. Their evidence tended to show that the defendant represented that he was selling this tract as part of lands conveyed to them by his warranty deed, dated December 16, 1912, and marked "plaintiffs' exhibit 10"; that the plaintiffs fully relied upon these representations as to the ownership and value of said tract in the purchase; and that they afterwards bargained to sell this tract with other lands covered by the deed mentioned, upon the said representations of the defendant. The plaintiffs' evidence further tended to show that said tract of land, as they ascertained after they had so bargained, did in fact belong to the Champlain Realty Company, whereby they were obliged to discount the sale price of the premises covered by their bargain of sale, to the extent of fourteen hundred dollars, in order to prevent a rescission of the entire trade.

The defendant claimed that he did not represent to the plaintiffs that he owned the land in dispute; that he made no representations with reference to any particular tract of land or boundaries thereof; and that the plaintiffs did not rely upon anything he may have said to them in reference to the location of the land or the boundaries, but relied upon what their agent, Mr. Quinlan, reported after he had examined the property and reported his findings.

The plaintiffs' evidence tended to show that the defendant told one of the plaintiffs, when negotiations were going on between them for the sale by the former of his lands to the latter, that Benjamin Trombley was acquainted with the land, knew approximately where the boundaries were, and would show the plaintiffs the property and the boundaries, and that defendant would arrange to have Trombley go onto the property for this

purpose, with the plaintiffs, at any date they might set. De-
fendant testified that in consequence of a talk he had with the
Thomas boys or one of them, he sent Trombley upon the moun-
tain for the purpose of showing them the land he owned. Trom-
bley was called as a witness by the plaintiffs and testified to
being sent by the defendant on to the land owned by him, to
show it to Quinlan, and to staying on the land with him two
days looking it over. It appeared that Quinlan was there as the
representative of the plaintiffs. The plaintiffs then offered to
show by the witness that when he went up there on that occasion
he understood that the east line of defendant's property, then be-
ing negotiated for, was the west line of the town of Fayston, and
that he so told Quinlan at the time. The offer was excluded
and exception saved. This exception must be sustained. Under
the offer, the witness being on the land as the agent of the de-
fendant to show it to Quinlan, the plaintiffs' representative, his
acts and declarations within the scope of his agency, were the
acts and declarations of the defendant, and in law admissible in
evidence. *Newton* v. *American Car Sprinkler Co.,* 88 Vt. 487,
92 Atl. 831; *Taplin & Rowell* v. *Clark,* 89 Vt. 226, 95 Atl. 491.
Nor did the element (contained in the offer) of the understand-
ing of the witness, at the time he was in the performance of the
duties of his agency, render the offer unsound. This man had
been put forth by the defendant as one who knew approximately
where the boundaries of defendant's lands were, and his under-
standing in that regard, when acting in the execution of his
agency, was the understanding of his principal, and could prop-
erly be shown in evidence in connection with what he said and
did, as bearing upon the understanding of the parties as to the
property within the sale. *Linsley* v. *Lovely,* 26 Vt. 123; *Wheeler*
v. *Campbell,* 68 Vt. 988, 34 Atl. 35; *Newton* v. *American Car
Sprinkler Co.,* cited above; *Utley* v. *Donaldson,* 94 U. S. 29, 24
L. ed. 54.

The plaintiffs showed that after their purchase of the de-
fendant, they sold the same land to Doe Brothers and Stevens,
and that in making the sale they sent the same man Trombley on
to the land to point it out to the purchasers, and that he told
them where it lay just the same as he told Quinlan; that at that
time indications were made by Trombley to Mr. Doe and Mr.
Stevens as to where the eastern boundary of the tract they were
about to purchase was. Stevens, called as a witness by the

plaintiffs, having so testified, was asked where the eastern boundary indicated by Trombley on that occasion was. Objection being made, plaintiffs offered to show that Trombley then pointed out the east boundary of the land to be the Fayston town line. The purpose of the evidence offered was stated to be, as establishing that the plaintiffs relied upon the representations made to them, to the effect that the eastern boundary of the land of the defendant, which he was selling to them, was the line of the town of Fayston. One of the plaintiffs testified that they sent Trombley to show the land and its boundaries, on that occasion, because he was better acquainted with it than they were. Can there be any doubt that such pointing out of the east boundary would have been a fact proper to be shown for the purpose named, had it been done by the plaintiffs themselves? Yet what was done by the agent in this regard was done by the principal through him, and was none the less admissible in evidence. The exclusion of the offered evidence was error.

Fred Doe, one of the Doe Brothers, was called as a witness by the plaintiffs, and testified to Trombley's showing to himself and Stevens the property on the occasion last mentioned. Plaintiffs' counsel asked the witness what, if anything, Trombley told him was the east boundary of the Hanks property. Objection being made, counsel said they offered the evidence for the purpose, in short, of showing what Trombley, when showing the property to Quinlan on the occasion mentioned above, in fact told Quinlan as to where the east boundary of defendant's land was, Trombley having testified that he subsequently told Doe Brothers and Stevens the same that he told Quinlan. This offer was excluded and exception saved. In this ruling there was no error. The statement of an agent made in the performance of the duties of his agency, can not be proved by his subsequent statement upon the same subject matter when acting as the agent of another principal. For such purpose, the latter statement would be hearsay, and none the less so by the fact that the person who acted as such agent testified that it was the same as his first statement.

The defendant, when called to the witness stand by the plaintiffs, testified to telling the plaintiffs that his land run to the Fayston line and to the pulp company line. On being examined by his own counsel, he was asked: Q. ''When you spoke of the land running to the Fayston line and to the pulp company,

what line of the pulp company did you mean?'' Subject to plaintiffs' exception, he answered, ''I meant it run to the Fayston line and the pulp company's line, I didn't know where the pulp company's line was.'' To prevent any claim by the other side that the defendant used the expression ''Fayston line and the pulp company's line'' as indicating one concurrent line, instead of two lines, one in extension of the other, it was not error to permit his counsel to ask the foregoing question, to the end that the defendant might make his meaning clear.

Defendant called as a witness one George E. Bartlett, and, in the course of his examination, asked him whether or not during the past five or six years there had been any claim made with respect to the division line claimed by the Champlain Realty Company, and himself as the owner of lots 14, 15, 16, and 17. Plaintiffs objected to the question, but stated no ground of their objection; and on its admission, saved an exception. Under the claims made by the defendant as to the force of the evidence given by the witness in answer, we can not say it was wholly irrelevant and immaterial. The exception is therefore unavailing. *Douglass & Varnum* v. *Village of Morrisville,* 89 Vt. 393, 95 Atl. 810.

Exception XI to the charge requires an examination of evidence to determine whether there was such evidence as the exception states as the basis for the charge claimed. But the plaintiffs do not, in their brief, make specific reference to such parts of the evidence as they deem material, giving the page, etc., as required by Rule 6, paragraph 5. The exception is therefore not considered.

The 12th exception is to the court's failure to charge according to the plaintiffs' fourth request. This request is simply a statement of an abstract principle of law, without reference to the matter of the context, and without any thing to indicate how the jury should apply it to the evidence in the case. The failure so to charge was not error. *Lang* v. *Clark,* 85 Vt. 222, 81 Atl. 625.

The plaintiffs excepted to the failure of the court to give the substance of their sixth request, reading as follows: ''The jury are instructed that it was the privilege and right of the plaintiffs to rely upon the representations made by the defendant as to the location and boundaries of his land, including his eastern boundary which is here in dispute, without searching the

records of or otherwise inquiring into the true state of the title and boundaries of the land in question.''

The bill of exceptions shows that the only questions involved in this case relate to a tract of land between the top of the mountain in Huntington and in Avery's Gore on the west, and the town line of Fayston on the east, and that the alleged false representations relate to the ownership and the eastern boundary of this tract of land. In area this tract is small as compared with that of all the lands within the sale and conveyance by the defendant to the plaintiffs, according to the evidence of either party. Consequently the request includes the right and privilege of the plaintiffs to rely upon the representations made by defendant touching the location and boundaries of lands not involved in this case, and, even though sound as a general proposition of law, it was inapplicable and rightly refused. *Winn* v. *Rutland,* 52 Vt. 481; *Smith* v. *Central Vt. Ry. Co.,* 80 Vt. 208, 67 Atl. 535; *Needham* v. *Boston & Maine R. R.,* 82 Vt. 518, 74 Atl. 226.

Exception was taken to the failure of the court to comply with the plaintiffs' second request, reading as follows: ''If the defendant, in order to induce the sale, represented that he had personal knowledge as to the location of his eastern boundary in the town of Huntington and in Avery's Gore, being at the same time aware that he had not such knowledge, his representation was fraudulent, although he did not state such boundary different than he believed it. It was an imposition and fraud for him to pass off his belief as knowledge, and if the plaintiffs relied upon his representation, they are entitled to recover for their damages arising therefrom.'' This request entirely omits the element of falsity in the representations made, without which being affirmatively shown there can be no recovery in this case. As before seen, the evidence was conflicting as to what the representations in fact were, and their falsity depended upon whether the jury should find them to have been according to the tendency of the plaintiffs' evidence. Counsel for plaintiffs rely upon the case of *Cabot* v. *Christie,* 42 Vt. 121, 1 Am. Rep. 313, as an authority supporting their request. But in that case, ''It was conceded,'' says the court, ''that the quantity of land was represented incorrectly.'' Hence the element here lacking in the request, was there one of the conditions of the case. So the holding in that case does not go to the extent of saying that the element of falsity

in the representations is not essential to liability. The request was unsound in this respect, and was properly refused.

The result being that a reversal must be had on other grounds, the exceptions to the court's refusal to continue the case, and to its overruling the motion to set aside the verdict, are not considered.

*Judgment reversed and cause remanded.*