## State of Vermont v. Leland Young

[433 A.2d 254]

No. 322-79

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed May 28, 1981

Motion for Reargument Denied July 15, 1981

*M. Jerome Diamond*, Attorney General, *Susan R. Harritt*, Assistant Attorney General, and *Robert Olsen*, Law Clerk (On the Brief), Montpelier, for Plaintiff.

*William W. Pearson* of *Downs, Rachlin & Martin*, St. Johnsbury, for Defendant.

Barney, C.J. The defendant was convicted of attempting to rape his brother-in-law's wife in April, 1977. At that time, although only sixteen, the victim was already married and was several months pregnant. That pregnancy and a subsequent one were in part responsible for a delay of the trial for two years. Another contributing factor was a venue difficulty which was discovered as the facts developed in the first attempt at a trial held in the Caledonia Circuit.

The testimony revealed a rather simple set of facts. The victim testified that she had been left at the defendant's trailer in Lyndonville by her in-laws and was to wait there for them. They lived in Newport and it was there that the victim wished to return. The defendant offered to drive her there. On the way, somewhere on a back road in the vicinity of the Sheffield-Glover town line, the defendant stopped the car and, in spite of the victim's protests and forcible resistance, committed what the jury found to be attempted rape. The town line involved is also the county line, and, until the exact point of the assault was established, it was thought to have happened in Caledonia County.

The defendant delivered the victim to the in-laws' home in Newport Center. The victim told the hired man at their farm what had happened and later that evening was taken to the Newport Hospital, where she was examined by a doctor. The next day a state trooper interviewed the defendant, advised him of his Miranda rights, and took a statement from him that was put in evidence at trial. That statement narrated

the defendant's deliberate and forceful attack on the victim, her protests, and his unsuccessful attempt at penetration.

By the time of the trial, the doctor had moved out of the state. He was returned to testify under a subpoena issued under 13 V.S.A. § 6646, which held him in Vermont only one day. The defendant claims error in certain exclusionary rulings with respect to the doctor's testimony that, in part, derived from his limited availability. The doctor had been deposed before trial at his new residence. After he left following expiration of the subpoena, this deposition was offered in lieu of his further testimony. It was excluded, however, and this ruling is put forward as error.

■ The evidentiary issue involved arose as a consequence of the defendant's attorney's cross-examination of the complaining witness. He inquired of her as to whether she had talked to the doctor, which she conceded, but he did not inquire about any specific statements she might have made. Thereafter, with the doctor on the stand, defense counsel sought to have the doctor testify to statements made to him by the complaining witness, asserted to be inconsistent with her testimony, as a means of impeaching her credibility. In so doing, he ran afoul of the rule requiring that inconsistent statements sought to be used for impeachment must first be brought to the attention of the witness and an opportunity provided for explanation or denial. The trial court invoked the rule, as our law provides, and excluded the doctor's testimony as to statements made to him by the victim. This action is sustained. *State* v. *Dragon*, 128 Vt. 568, 570, 268 A.2d 913, 914 (1970).

■ Rather than suspending with the doctor and recalling the complaining witness, the examination of the doctor was continued on other matters, and he left the jurisdiction the following day. The victim was then recalled for further cross-examination to establish the missing foundation, and the doctor's deposition was offered in place of his testimony on the ground that he was then an absent witness under V.R.Cr.P. 15(g). The trial court sustained the State's objection to this procedure as well. The ruling is affirmed.

The purpose of bringing in the doctor's testimony was not

for the information it contained, but to affect the credit to be given the complaining witness. Since that was the objective, the evidence is subject to the instruction that it cannot be taken by the jury, in a situation such as this, as evidence of the true facts, but only to show that the witness has not always given the same version of the event. Where the inconsistent statement is available only for impeachment and is not relevant on the factual issues, the limitation of laying a preliminary foundation by calling the statement to the attention of the testifier is not taken to be burdensome. This is especially true where, as here, the examiner had the witness on the stand and later available for recall, was fully aware not only of the inconsistent statement but of his own intention to bring it forth from a witness then available for a limited time, and had full opportunity to comply with the requirement. Under these circumstances, it cannot be said that the doctor was unavailable under Rule 15(g). The court was entirely within the bounds of its discretion in refusing to admit the statement when tendered without compliance. All of the speculative alternatives and applications for relief from the rule are undercut by the plain fact that there was no adequate justification for failing to lay the necessary foundation. That receiving it thereafter under the purported authority of V.R.Cr.P. 15(g) would amount to no more than a mere evasion of the evidentiary requirement needs no further comment.

The defendant next argues that the trial court so significantly limited cross-examination of the complaining witness that it deprived the defendant of his right to a full and fair trial. The law is very clear that limitation of the defense's cross-examination of witnesses against it requires adequate legal justification. *State* v. *Morrill*, 127 Vt. 506, 513, 253 A.2d 142, 147 (1969). The extent of cross-examination is largely within the discretion of the trial judge, however, unless abuse of discretion is shown. *Id.*

The issues before us on this question in this case show something quite different than the contention advanced. The court below expressly disclaimed any intention of limiting the questioning of the complaining witness by the defense. No objection persisted for review involving an excluded answer

or barred question of this witness by the defense. There is no challenged ruling to which this claim of error can be ascribed.

When the discussion of limited cross-examination came up and was disavowed by the trial court, another matter was, at the time, of central concern. The complaining witness was, on the occasion of the encounter or shortly thereafter, bruised on the wrist. Counsel for both sides, and the court, because of the abortive attempt at a trial in Caledonia District Court, were aware of the possibility of some sort of prejudicial disclosure of some other event in explaining whether the bruise was attributable to the attempted rape. Counsel for the defendant attempted to cross-examine the witness on that incident, but the State objected on the grounds of relevancy. At that point, a long discussion relating to the incident ensued among counsel and the judge, out of the jury's presence. Counsel for the defendant withdrew the question, and a discussion followed relating to the extent of allowable cross-examination on the incident.

Although not clear from the transcript as to the nature of the incident, the discussion did prompt a suggestion from the court that the witness be cautioned. The court clearly indicated that its only intention was to prevent the witness from giving unresponsive answers to questions. The witness was instructed not to volunteer information not warranted by questions of counsel. This was done by the attorneys for the prosecution in open court with defense counsel present but in the absence of the jury. Defense counsel made no objection to the instructions. The court was then careful to again state that the objective was not to restrict cross-examination but to prevent nonresponsive answers. After the discussion and the instructions to the complaining witness, the defense counsel objected to what he perceived to be a limitation on cross-examination. The court pointed out that it had not ruled on the pending question, which had been withdrawn, but would rule on questions as they were asked. No ruling was sought from the court or objected to at that time. At the close of the State's case the defendant moved for judgment of acquittal, one of the grounds being that the ruling of the court in connection with the complaining witness amounted to an improper restriction on cross-examination. We concur with the trial court that no such restrictive ruling was made, and

no ruling of the trial court limiting cross-examination in connection with a question put to the witness by the defense is advanced to show such restriction. No error on the ground advanced has been made out.

Another issue with respect to testimony elicited from a police witness was objected to and is urged here as reversible error. It concerned a report received in evidence on the stated basis that it was past recollection recorded. Such evidence is admissible. *Davis* v. *Field,* 56 Vt. 426, 428–29 (1884). It is the position of the defendant that no testimony by way of explanation of such an exhibit can then be received, on the grounds that the exhibit is the record of a witness' recollection which is now gone from his mind, and to let him testify about it undermines the basis for its receipt into evidence.

In the written exhibit the witness used the word "rape," and the examiner in effect asked him what he meant when he used that word. The court ruled that inquiry was proper, since it was not an inquiry as to what the witness now says happened then, but merely his explanation of the meaning of a particular term used in his report. This is no such invasion of the basic policy of the rules for testifying with respect to recorded memory to amount to error requiring reversal. A similar concern should apply with the use of a scientific term or a foreign phrase, and the same ruling would, very likely, be supportable.

The defendant timely objected to the failure of the trial court to charge the jury on specific intent. It is his argument that the failure to charge on the issue of intent in connection with the charge of attempt is a fatal shortcoming in the proceedings.

In making his argument, the defendant ignores that part of the instruction in which the judge told the jurors, in essence, that if they found that the defendant tried to have intercourse with the victim without her consent, but failed in penetration, they could return a verdict of guilty of attempted rape. When instructing the jury on the relevant issues in the case, it is preferable that the judge relate the instructions to the evidence before the jury. See *Vermont Box Co.* v. *Hanks,*

92 Vt. 92, 101, 102 A. 91, 95 (1917). That is what the judge did in this case. Although his instruction did not conform to the niceties of an abstract legal definition of attempt, it sufficiently described factually the crime of attempted rape to enable the jury to properly return a verdict of guilty.

In summarizing his charge the judge stated that, if the jury found force, lack of consent, but no penetration, they could return a verdict of guilty of attempted rape. The defendant argues that the failure of the judge to include in the summary a specific instruction on the element of intent constitutes error.

The jury charge must be read as a whole, not piecemeal. *State* v. *Rebideau,* 132 Vt. 445, 454, 321 A.2d 58, 64 (1974). In his summary the judge did not disclaim or negate his earlier instruction. The jury still had to follow that portion of the instruction, which was correct. Taken as a whole, the instruction breathed the true spirit of the law and must be sustained. *Id.*

This discussion also disposes of the defendant's second objection to the charge. He argues that the charge was so confusing that it did not adequately cover the points charged and failed to fully protect the rights of the defendant. As we have noted, the instruction sufficiently charged the elements of the crime. As evidence of the jury's confusion, defendant points to various remarks and actions made by the jurors as they tried to return a verdict of guilty. Examination of the transcript, however, shows that the jury was not confused about the charge of attempted rape; rather, it was confused about how to return a verdict on the lesser included offense of attempt. There is no error.

▮▮▮ Defendant's final objection is to the court's giving the charge on attempt at all. Defendant was charged only with rape. He contends that to instruct the jury on the crime of attempted rape constitutes unfair surprise. Under 13 V.S.A. § 10 and V.R.Cr.P. 31(c), however, a jury may return a verdict of guilty of attempt of the felony when the defendant is charged with the commission of that felony. An attempt is a lesser included offense. Under the law, in the evidentiary circumstances before him, the judge correctly un-

derstood his duty to be to include a charge on attempt, and carried it out. There was no unfair surprise here.

*Judgment affirmed.*