STATE OF NEBRASKA, APPELLEE, V. TED FOSTER, ALSO KNOWN AS THEODORE JAMES FOSTER, APPELLANT.

433 N.W.2d 167

Filed December 16, 1988.   No. 87-810.

E. Dean Hascall, of Hascall, Jungers & Garvey, for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

The defendant, Ted Foster, was convicted following a trial to the court in the district court for Sarpy County of attempted first degree assault. He appeals.

On December 5, 1986, at approximately 5 p.m., Johnnie Royce Crim, the victim, was driving south on U.S. Highway 73-75 on his way home from work. As he was approaching the Giles Road intersection, he noticed a brown car, driven by the defendant, traveling parallel with him on his right side. Since Crim was traveling in the right-hand lane, he thought the defendant's car would make a right turn onto Giles Road, but it did not. After going through the intersection, the defendant's car began swerving toward his car in an S-type fashion. The defendant then hit Crim's passenger side window with a tire iron, although the window did not break. The tire iron ricocheted out of the defendant's hand and went flying back behind the car while both vehicles were still moving. The defendant stopped his car, apparently to get the tire iron, and Crim pulled his car to the side of the road to see why the defendant was hitting his car with the tire iron. Crim, looking in his rearview mirror, saw the defendant get out of his car and begin to come toward him. Crim got out of his car and proceeded toward the defendant at a slight jog. When Crim got about 5 feet away from the defendant, the defendant swung his leg out to kick him. Crim then jumped in the air and kicked the defendant in the face. During the fight which ensued, Crim noticed his car was rolling backward. Crim stopped fighting and went to his car, pulled it over, and shifted it into "park." While Crim was parking the car, the defendant went behind his car to retrieve the tire iron. After parking his car, Crim got out and went over to the defendant's car. The defendant approached Crim and said, "Just get back in your car and let me leave." Crim put up his hands to defend himself saying, "Don't hit me with that." The defendant struck Crim in the

back of the head with the tire iron. The blow knocked Crim to the ground and caused bleeding behind his left ear. Crim was taken to the hospital for treatment. His hospital record, introduced into evidence, reflected a bruise on his arm and a laceration to his scalp for which treatment was provided, including cleansing the wound and suturing it. The record also shows that Crim did not suffer any fractures or appreciable soft tissue swelling, and concluded by stating he has a "normal skull." Apparently, from the record, the injury was not severe enough to prevent Crim from working.

The defendant was arrested and charged with one count of first degree assault, in violation of Neb. Rev. Stat. § 28-308 (Reissue 1985). The defendant waived a trial by jury and was tried in the district court for Sarpy County. At the close of the State's case in chief, defendant moved to dismiss the information. The court took the motion under advisement, and the defendant introduced evidence. At the close of all the evidence defendant renewed his motion to dismiss, which the court again took under advisement. After closing argument by both counsel, the court noted that "there's a first degree assault charge against Mr. Foster, and its my impression as a matter of law that that charge fails because I feel that the — that the evidence is insufficient for any reasonable minds to conclude that there was a serious bodily injury." By journal entry and letter to counsel, both dated June 29, 1987, the court found the defendant not guilty of first degree assault, but guilty of attempted first degree assault as a lesser-included offense of such charge. In the letter, the judge stated that he "felt the evidence was totally insufficient to establish a serious bodily injury, a required element of the crime of first degree assault."

The defendant assigns four errors, which can be consolidated into two: The district court erred by (1) overruling defendant's motion to dismiss both at the close of the State's case in chief and at the close of the trial, and (2) considering and convicting the defendant of attempted first degree assault as a lesser-included offense of the charge of first degree assault.

Addressing both of defendant's consolidated errors together, we note that the standard of review is that

"[the court] will not interfere with a guilty verdict based

upon evidence in a criminal case unless that evidence is so lacking in probative force that it can be said that, as a matter of law, the evidence is insufficient to support a verdict beyond a reasonable doubt."

*State v. Lewis, ante* p. 224, 227-28, 430 N.W.2d 686, 688 (1988).

In a criminal case a court can direct a verdict only when there is a complete failure of evidence to establish an essential element of the crime charged, or evidence is so doubtful in character, lacking probative value, that a finding of guilt based on such evidence cannot be sustained.

*State v. Katzman*, 228 Neb. 851, 854, 424 N.W.2d 852, 855 (1988).

A review of the record shows that the court should have directed a verdict on the first degree assault charge at the close of the evidence. The State failed to prove "an essential element of the crime charged," namely, a serious bodily injury. "The factual findings of a judge who serves as the trier of fact in a criminal case will not be disturbed on appeal unless clearly wrong." *State v. Ladehoff*, 228 Neb. 812, 817, 424 N.W.2d 361, 364 (1988). The trial court was correct in its determination that the State failed to prove serious bodily injury. As we stated in *State v. Pribil*, 224 Neb. 28, 30, 395 N.W.2d 543, 546 (1986), a serious bodily injury is an " '*injury* which involves a substantial risk of death, or which involves substantial risk of serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body.' " (Emphasis supplied.) Contrary to the State's assertion, the method of inflicting the injury is of no relevance in this particular case. The evidence showed that the victim suffered only minor injuries despite the fact that he was hit with an object which could have caused a considerable injury.

Having determined that the court should have granted a directed verdict on first degree assault, this court must now address an issue we left open in *State v. Pribil, supra. Pribil* was a prosecution for first degree assault in which the jury was also instructed on the lesser-included charge of attempted first degree assault and returned a verdict of guilty of attempted assault. "At the close of the State's case, defendant's counsel

moved the trial court to dismiss the complaint, arguing that the State had offered no evidence to prove the existence of one of the material elements of first degree assault, that being the victim's serious bodily injury." *Id.* at 30, 395 N.W.2d at 546. The court, noting that the first degree assault charge was properly submitted to the jury, then found that the submission of the lesser-included offense was proper.

The unanswered question in *Pribil* is, What happens when the State fails to submit enough evidence to make out a prima facie case for the principal crime charged? The defendant argues that the trial court must direct a verdict as a matter of law, leaving nothing for the trier of fact to consider, including any lesser-included offenses. We disagree.

The Supreme Court of North Dakota has considered this issue. In *State v. Morris*, 331 N.W.2d 48 (N.D. 1983), the defendant moved for a judgment of acquittal at the close of the State's case. We note that North Dakota's motion for acquittal is procedurally the same as our motion for a directed verdict. The court stated,

> When ruling on a motion for judgment of acquittal . . . the trial court must, first, assume the truth of the evidence which supports the State's case, and then, second, decide whether or not a reasonable person would be justified in concluding from this evidence that all the elements of the crime have been established beyond a reasonable doubt.

*Id.* at 55. The court held:

> A trial court's granting of a motion for judgment of acquittal with respect to the major offense charged does not preclude submission of the case to the jury on the basis of the lesser included offense instruction unless, of course, the granting of the motion for acquittal extends to the lesser included offense.

*Id.* at 56. We agree, and therefore hold that where the State fails to demonstrate a prima facie case on the crime charged, but does so on a lesser-included offense, the trial court in its discretion may direct a verdict on the crime charged and submit the evidence to the trier of fact for consideration on the lesser-included offense.

The evidence abundantly supports the conviction for the

offense of attempted first degree assault. No other error appearing, we affirm.

AFFIRMED.

WHITE, J., dissenting.

I dissent. The majority holds that where the State fails to demonstrate a prima facie case on the crime charged, but does so on a lesser-included offense, the trial court in its discretion may direct a verdict on the crime charged and submit the evidence to the trier of fact for consideration on the lesser-included offense.

This court's current position on instructing the jury on lesser-included offenses, beginning with the rule's inception in *State v. Pribil*, 224 Neb. 28, 395 N.W.2d 543 (1986), and most recently articulated in *State v. Costanzo*, 227 Neb. 616, 419 N.W.2d 156 (1988), is that a court sua sponte may give a lesser-included offense instruction, but it is not required to do so unless the evidence warrants it and a party requests it. That rule has not, and should not, be applied where the prosecutor has failed to make a prima facie case on the crime charged, the very situation presented in this case.

Under the majority's view the burden on the prosecutor to correctly charge the defendant with the proper crimes and to prove those charges has been shifted to the court. In essence, the prosecutor would not be required to charge the defendant with a crime capable of proof, but so long as some evidence of a lesser charge was presented, the court would be allowed to decide whether a lesser-included offense should be submitted to a jury or to consider itself as a factfinder. In my view the court becomes an active participant in the process instead of a disinterested presiding judge. I submit that this active participation offends notions of fairness and due process.