■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SHREVE, Appellant.—Casey, J. Appeal from a judgment of the County Court of Clinton County (Feinberg, J.), rendered May 27, 1988, upon a verdict convicting defendant of the crime of attempted rape in the first degree.

On the evening of August 16, 1987 the six-year-old female victim of defendant's crime and her male cousin, also age six, were left at the home of defendant's mother while the victim's parents went shopping. At approximately 10:00 P.M., the two children and defendant were in the living room watching television. When the cousin fell asleep, defendant carried him to bed and accompanied the victim to a bedroom where defendant lay down beside her. The victim testified, unsworn, at the trial that defendant "put his private between [her] legs" and in her "private". Defendant denied any penetration, and stated that "[he] caught [him]self" after 2 or 3 minutes, dressed and returned to the living room. The two children were picked up shortly thereafter by the victim's father.

The next day the victim told her mother what had happened and the mother instigated defendant's arrest for first degree rape of a female less than 11 years of age. The physician who examined the victim testified that the victim had told him what defendant had done, that "it had lasted only a few seconds". Vaginal examination revealed that although the labia minora were irritated, the hymen was intact. Other tests revealed no sperm. Two hairs not belonging to the victim were found stuck to the labia. The physician testified that in his opinion the results of his examination were consistent with vaginal contact within her age and that the intact hymen led to his conclusion of no penetration. When this physician was recalled by the defense as a witness, he stated that his diagnosis of the victim was vaginitis caused by friction, and the friction could have been caused by the hands or any foreign object.

In a precharge conference, County Court informed the attorneys that in the circumstances it felt required to charge the lesser included crime of attempted rape in the first degree. Counsel for defendant excepted to that charge. The jury found defendant guilty of the crime of attempted rape in the first degree. Defendant's application for youthful offender treatment was denied, and he was sentenced to an indeterminate term of imprisonment of 2 to 6 years.

On this appeal, defendant initially claims error in County Court's charge, over his objection, of attempted rape in the first degree as a lesser included offense of rape in the first degree as defined in Penal Law § 130.35 (3). Defendant contends that, inasmuch as attempted rape in the first degree under Penal Law § 110.00 requires an intent that is not essential for the completed crime of rape in the first degree under Penal Law § 130.35 (3), the attempted rape is not theoretically a lesser included offense under the first prong of the test prescribed by *People v Glover* (57 NY2d 61, 63). A similar argument has recently been rejected by this court *(see, Matter of Brion H.,* 161 AD2d 832). We are also of the view that the first prong of the *Glover* test is irrelevant since the definition of lesser included offense in CPL 1.20 (37) provides that "[i]n any case in which it is legally possible to attempt to commit a crime, *an attempt to commit such crime constitutes a lesser included offense with respect thereto"* (emphasis supplied). Under this statutory definition, attempts which are legally possible of commission, as here, are lesser included offenses of the substantive crime *(see, People v Williams,* 120 Misc 2d 68, 74). The statute renders defendant's argument meritless and the submission of "attempt" by the court proper. A reasonable view of the evidence clearly supports the submission of the lesser included offense of attempt to the jury *(see, People v Dietz,* 114 AD2d 1038; *People v Crampton,* 107 AD2d 998).

Defendant next contends that County Court's charge to the jury on the degree of corroboration required in regard to the testimony of the unsworn victim was inadequate. We disagree. The charge given by the court on the issue of corroboration was based largely upon the relevant pattern criminal jury instructions (1 CJI[NY] 7.51, at 335-336) and, read as a whole, the charge adequately apprised the jury of the corroboration required by CPL 60.20 (3) *(cf., People v Abair,* 134 AD2d 743, *lv denied* 70 NY2d 1003). Moreover, the corroborative evidence itself was not legally insufficient. The appropriate standard of corroboration for all cases where unsworn testimony is

received is such evidence tending to establish that the charged crime was committed and that the defendant was the perpetrator *(People v Groff,* 71 NY2d 101, 110; *see,* CPL 60.20 [3]). Under this standard the evidence adduced at trial was legally sufficient to permit a jury determination. The unsworn testimony of the victim as to what defendant did to her was corroborated by defendant's admissions of what he did and his arousal, together with the testimony of the physician as to the results of his examination, thereby satisfying the element of vaginal contact and penetration sufficient to present a jury question, since penetration however slight is sufficient (Penal Law § 130.00 [1]). The fact that defendant denied penetration and that the physician found the hymen intact supplies a reasonable view of the evidence permitting County Court to charge the crime of attempted rape and permitting the jury to find a lack of penetration if the jury wished to do so, which is what the jury, in this case, obviously did. The testimony of the unsworn victim was sufficiently corroborated under the prescribed standard of *People v Groff (supra)* and this evidence, coupled with all of the other evidence in this case, was legally sufficient to support the verdict, which was not against the weight of the evidence *(see, People v Bleakley,* 141 AD2d 553, *lv denied* 72 NY2d 856).

As to the refusal by County Court to treat defendant as a youthful offender, we believe County Court abused its discretion. Defendant was a 16-year-old high school student without any prior criminal offenses. He was emotionally disturbed and the product of a poor environment. As the People candidly concede, the record and the conviction of an attempted rape provide no basis for treating defendant more severely than other similarly situated defendants who have received youthful offender treatment. The prison sentence of 2 to 6 years was, therefore, harsh and excessive and should be vacated. Defendant should be accorded youthful offender treatment and the matter must be remitted to County Court for appropriate disposition.

Judgment reversed, on the law, conviction vacated, defendant is declared to be a youthful offender and matter remitted to the County Court of Clinton County for resentencing. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.