STATE OF NEBRASKA, APPELLEE, V. SASSON JAHAN-SHAHI, APPELLANT.

466 N.W.2d 795

Filed March 15, 1991.   No. 89-1327.

Kirk E. Naylor, Jr., for appellant.

Herbert M. Fitle, Omaha City Attorney, and Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Sasson Jahan-Shahi appeals his conviction for assault and battery under Omaha city ordinance 20-61(d). Jahan-Shahi was found guilty by the Douglas County Court, fined $500, and sentenced to 6 months' confinement in jail. The district court affirmed. He appeals to this court.

The facts in this case are simple. Jahan-Shahi was employed at Bergan Mercy Hospital in Omaha as an orderly, or nursing assistant. In the early morning hours of June 1, 1989, during one of his work shifts, Jahan-Shahi entered the hospital room of the victim and proceeded to give her a back and leg massage. The victim had been admitted to the hospital for back pain. According to the victim, Jahan-Shahi massaged her lower back and buttocks as she was lying on her left side. She then informed Jahan-Shahi that she was uncomfortable and turned over on her back. He then proceeded to massage her calves and thighs. During the entire massage, the door to the victim's room remained open. According to the victim, during the massage of her calves and thighs, Jahan-Shahi inserted his fingers into her vagina. The victim became nervous and tried to put her legs

together. Jahan-Shahi then left the room. Later that day, the victim reported the incident to her physical therapist, and on June 4, the victim made a report to the Omaha police.

According to the testimony of a nurse on duty that night, as well as the testimony of Jahan-Shahi, back massage is a regular practice for a nursing assistant. Jahan-Shahi also testified that during the course of the massage, it was possible that he touched the victim's genital area, but if he did so, he would not have noticed.

Jahan-Shahi assigns as error the decision of the district court affirming the judgment of the county court.

Factual findings of a judge who serves as the trier of fact in a criminal case will not be disturbed on appeal unless clearly wrong. *State v. Trackwell*, 235 Neb. 845, 458 N.W.2d 181 (1990); *State v. Foster*, 230 Neb. 607, 433 N.W.2d 167 (1988). In a case tried to the court without a jury, there is a presumption that the trial court, in reaching the decision, considered only the evidence that was competent and relevant. This court will not overturn such a decision where there is sufficient material, competent, and relevant evidence to sustain the judgment. *State v. Methe*, 228 Neb. 468, 422 N.W.2d 803 (1988); *State v. Blair*, 230 Neb. 775, 433 N.W.2d 518 (1988). We will not interfere with a guilty verdict based on the evidence in a criminal case unless that evidence is so lacking in probative force that it can be said that, as a matter of law, the evidence is insufficient to support a verdict beyond a reasonable doubt. *State v. Willett*, 233 Neb. 243, 444 N.W.2d 672 (1989); *State v. Foster, supra*.

The evidence reflects that according to Omaha city ordinance 20-61(d), it shall be unlawful for any person to purposely or knowingly touch the sexual or intimate parts of another person without that person's consent for the purpose of arousing or gratifying the sexual desire of either party. Both the county court and the district court held there was sufficient evidence to satisfy the requirements of ordinance 20-61(d). The judgment of the district court is affirmed.

AFFIRMED.