STATE OF NEBRASKA, APPELLEE, V.
DANIEL G. JAMES, APPELLANT.
655 N.W.2d 891

Filed January 31, 2003.   No. S-02-420.

Patrick J. Boylan, of Hascall, Jungers & Garvey, for appellant.

Don Stenberg, Attorney General, and Martin W. Swanson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE
Daniel G. James appeals from his conviction for attempted first degree sexual assault on a child.

## SCOPE OF REVIEW
■ A trial court's findings in a criminal case have the effect of a jury verdict, and a conviction in a bench trial will be sustained if the properly admitted trial evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Abbink*, 260 Neb. 211, 616 N.W.2d 8 (2000).

## FACTS

James was charged by information with first degree sexual assault on a child, in violation of Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1995). The information charged that

> [d]uring the period of July 15, 2001 through August 4, 2001 . . . in Sarpy County, Nebraska, said Daniel G. James, being a person of nineteen years of age or older, did then and there subject a person of less than sixteen years of age . . . to sexual penetration, in violation of Section 28-319 (1)(c), R.R.S. Nebraska. (Class II Felony)[.]

James waived his right to a jury trial, and following a bench trial, he was found guilty of attempted first degree sexual assault on a child, a Class III felony.

The victim testified that while she was talking with James on the telephone on July 16, 2001, he said he was going to come to her house. He arrived around midnight or 12:30 a.m., and they went outside to talk.

The victim stated that at the time of the first incident, she was sitting on a cement step located near the side of her house and that she was wearing boxer shorts and a shirt, with underwear and a bra underneath. As they were talking, James asked the victim if she would have sex with him, and she refused. The victim testified that James then tried to penetrate her and that she continued to say "no." The victim said James attempted to penetrate her for approximately 5 minutes. When he was unsuccessful, James became angry and left. After he left, the victim went inside and went to bed without telling anyone about the incident.

The victim testified that on July 23, 2001, James called and asked if he could come to her house, and she told him it was too late. Nevertheless, James appeared at the victim's home with one of her friends. About 10 minutes later, James took the friend home and returned around midnight or 12:30 a.m. James and the victim then went outside to the same location they had a week earlier. The victim said James again asked her to have sex. She said that when she refused, James tried to penetrate her. She said that he was partially successful, but she did not respond, so James became angry and left. The victim said she went inside and went to bed, again without telling anyone.

On August 2, 2001, James came to the victim's house around 10 or 10:30 p.m., and they went to her sister's bedroom after the victim introduced James to her mother. The victim and James sat on the bed and watched television. After about an hour, James asked the victim to have sex with him. The victim said that James tried to penetrate her and again was only partially successful. When she did not respond, James became angry and left.

On August 4, 2001, the victim's pastor learned of the incidents and called the police, who interviewed the victim.

At trial, the victim testified that she was born on February 23, 1986; that she was a freshman in high school; that she met James through her church during the summer of 2001; and that James told her he was 20 years old. The victim admitted she originally told the police that the first two incidents occurred on the lawn rather than on the cement step outside her home. She also admitted that she had previously accused someone else of sexual assault.

Det. Ivan Crespo of the Bellevue Police Department testified that he contacted James on August 22, 2001, in the course of investigating an alleged sexual assault. Crespo said James presented a Nebraska driver's license which indicated his date of birth as October 19, 1980.

After the State rested, James moved for a directed verdict, which motion was overruled. We note that the proper motion would have been a motion to dismiss, and we treat the motion accordingly. The trial court subsequently found James guilty of attempted first degree sexual assault on a child, which it determined was a lesser-included offense of the charge set forth in the information.

James moved for a new trial, alleging that the State had failed to prove his age, which is an element of the offense of first degree sexual assault on a child. In overruling the motion, the trial court concluded there was sufficient evidence to demonstrate that James was over the age of 19 at the time of the alleged offense, as required by § 28-319(1)(c). The victim testified that James had told her he was 20, and Crespo testified that James' driver's license indicated his date of birth was October 19, 1980.

The trial court also concluded that attempted first degree sexual assault on a child is a lesser-included offense of first degree

sexual assault on a child and that the lesser charge was properly submitted for the court's consideration even in the absence of a request by James. The court noted that certain testimony and circumstances precluded a finding beyond a reasonable doubt that penetration had occurred. However, the court found that the evidence was more than sufficient to find beyond a reasonable doubt that James intended to have sex with the victim and made at least one overt act, if not more, toward that end.

James was sentenced to 2 years of intensive supervised probation, and he timely appealed.

## ASSIGNMENTS OF ERROR

James makes the following assignments of error: (1) The trial court erred in finding that attempted first degree sexual assault on a child is a lesser-included offense of first degree sexual assault on a child and (2) the court erred in overruling his motion for new trial.

## ANALYSIS

James was charged by information with first degree sexual assault on a child, in violation of § 28-319(1), which prohibits "sexual penetration . . . (c) when the actor is nineteen years of age or older and the victim is less than sixteen years of age." He was convicted of attempted first degree sexual assault on a child. Neb. Rev. Stat. § 28-201(1) (Cum. Supp. 2002) provides that a person is guilty of an attempt to commit a crime if he or she:

(a) [i]ntentionally engages in conduct which would constitute the crime if the attendant circumstances were as he or she believes them to be; or

(b) [i]ntentionally engages in conduct which, under the circumstances as he or she believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his or her commission of the crime.

James asserts that the trial court erred in finding that attempted first degree sexual assault on a child is a lesser-included offense of first degree sexual assault on a child. He claims that attempted first degree sexual assault on a child is not a crime in Nebraska.

James relies upon *State v. George*, 264 Neb. 26, 645 N.W.2d 777 (2002), a case in which this court denied postconviction relief. On direct appeal, the Nebraska Court of Appeals reversed

a conviction for attempted manslaughter. The Court of Appeals stated: "A person cannot perform the same act intentionally and unintentionally at the same time." *State v. George*, 3 Neb. App. 354, 358, 527 N.W.2d 638, 642 (1995). James argues that a person cannot intentionally take a substantial step toward the commission of an unintentional crime and that, therefore, attempted first degree sexual assault on a child is not a crime. We disagree.

To obtain a conviction for first degree sexual assault on a child, the State must prove only that the defendant subjected the victim to sexual penetration at a time when the defendant was over the age of 19 and the victim was under the age of 16. Pursuant to § 28-201(1)(b), a person is guilty of criminal attempt if he "[i]ntentionally engages in conduct which . . . constitutes a substantial step in a course of conduct intended to culminate in his . . . commission of the crime."

As the trial court correctly noted, a person can intentionally attempt an act that does not require criminal intent to complete. The evidence clearly shows that James demonstrated an intent to attempt to commit the crime of first degree sexual assault on a child. The victim described three occasions during which James demonstrated an intent to sexually penetrate her, and he took substantial steps to accomplish penetration. The trial court did not err in finding James guilty of attempted first degree sexual assault on a child as a lesser-included offense.

James also assigns as error that the trial court abused its discretion by not sustaining his motion for new trial. He claims that he was convicted of a crime that does not exist in Nebraska. We find this argument to be without merit. In *State v. Shockley*, 231 Neb. 247, 435 N.W.2d 903 (1989), this court affirmed a criminal conviction for attempted first degree sexual assault on a child, which is a crime in Nebraska.

James also seems to argue that the trial court, which served as the finder of fact in this case, should not have found him guilty of the lesser-included offense of attempted first degree sexual assault on a child when James did not request such a finding. This argument has no merit, but we address it because it was considered by the court in ruling on the motion for new trial.

Normally, the defendant must raise the issue of lesser-included offenses at trial. In a bench trial, the defendant must

timely object to the trial court's consideration of lesser-included offenses in order to preserve that issue for appellate review. *State v. Keup, ante* p. 96, 655 N.W.2d 25 (2003). However, the defendant does not need to raise the issue in order for the trial court to consider lesser-included offenses. If the evidence adduced at trial would warrant conviction of the lesser charge and the defendant has been afforded a fair notice of those lesser-included offenses, the trial court may consider the lesser-included offense.

In *State v. Foster*, 230 Neb. 607, 433 N.W.2d 167 (1988), the defendant was charged with one count of first degree assault. Following a bench trial, the court concluded that the evidence was insufficient to sustain the charge of first degree assault because reasonable minds could not conclude that there was a serious bodily injury, and it sustained the defendant's motion to dismiss the crime charged. However, the court found the defendant guilty of the lesser-included offense of attempted first degree assault.

On appeal, the defendant claimed the trial court erred in considering and convicting him of attempted first degree assault as a lesser-included offense of first degree assault. This court held that where the State fails to demonstrate a prima facie case on the crime charged but does so on a lesser-included offense, the trial court in its discretion may direct a verdict on the crime charged and submit the evidence to the trier of fact for consideration on the lesser-included offense. *Id.*

In *State v. Pribil*, 224 Neb. 28, 395 N.W.2d 543 (1986), the defendant was charged with first degree assault. At the close of the evidence, the court, on its own motion, instructed the jury on first degree, attempted first degree, and third degree assault. The defendant objected to the instructions insofar as they submitted the lesser-included offenses of attempted first degree assault and third degree assault to the jury. We considered whether it was proper for the trial court to instruct the jury on a lesser-included offense of attempted first degree assault and third degree assault when the defendant objected to those instructions. We held that a trial court is not required to sua sponte instruct on lesser-included offenses, but the trial court may do so if the evidence adduced at trial would warrant conviction of the lesser charge and the defendant has been afforded a fair notice of those lesser-included offenses. Either the State

or the defendant may request a lesser-included offense instruction where it is supported by the pleadings and the evidence. We held it was not error for a trial court to instruct the jury, over the defendant's objection, on any lesser-included offenses supported by the evidence and the pleadings.

In determining whether under a charge of a completed offense the accused may be convicted of attempting to commit the offense charged, some states have by statute made the attempt a lesser-included offense of the completed offense. See, *People v. Shreve*, 167 A.D.2d 698, 563 N.Y.S.2d 851 (1990) (attempted first degree rape was lesser-included offense of first degree rape and could be charged as such by trial court, even if attempted rape required intent not essential for completed crime of rape); *Moore v. State*, 969 S.W.2d 4 (Tex. Crim. App. 1998); *State v. Young*, 139 Vt. 535, 433 A.2d 254 (1981); *State v. Gallegos*, 65 Wash. App. 230, 828 P.2d 37 (1992). New Jersey has held that attempt is a lesser-included offense which need not be separately charged in the indictment. See, *State v. Mann*, 244 N.J. Super. 622, 583 A.2d 372 (1990); *State v. LeFurge*, 101 N.J. 404, 502 A.2d 35 (1986). In *Crawford v. State*, 107 Nev. 345, 811 P.2d 67 (1991), the Supreme Court of Nevada held that an attempted crime was not a lesser-included offense of a completed crime, since an element of the crime of attempt is the failure to accomplish the completed crime. However, the court stated that the state may charge the defendant with a completed crime and obtain a conviction for the attempted crime, since every consummated crime is necessarily preceded by an attempt to commit that crime. Nevada's statute provided that a defendant could be found guilty of an attempt to commit the offense charged. See *id.*

In other states, courts have held that attempt is a lesser-included offense even when no statute specifically provides as such. In *Com. v. Capone*, 39 Mass. App. 606, 659 N.E.2d 1196 (1996), the defendant was indicted for statutory rape and for indecent assault and battery. At the close of the commonwealth's case, the defendant moved for a directed verdict on the statutory rape indictment on the ground that there was insufficient proof of penetration. The court initially allowed the motion in its entirety, but on reflection ordered that the case be submitted to the jury on

assault with intent to commit statutory rape. The defendant was so convicted.

On appeal, the defendant argued that it was error to instruct the jury on assault with intent to commit statutory rape, because that crime was not a lesser-included offense of statutory rape, the offense for which the defendant was indicted. The court stated that a charge of a completed crime logically includes a charge of an attempt to commit it, citing *Commonwealth v. Gosselin*, 365 Mass. 116, 309 N.E.2d 884 (1974). See, also, *Com. v. Banner*, 13 Mass. App. 1065, 1066, 434 N.E.2d 1304, 1305 (1982) ("attempt to commit a crime is a lesser included offense within the completed offense").

In *State v. Lutheran*, 76 S.D. 561, 82 N.W.2d 507 (1957), the defendant was prosecuted on an information which charged him with incest, adultery, and rape of his 9-year-old daughter. The jury convicted him of attempt to commit each of the crimes charged. The defendant claimed error in instructing the jury that it could find him guilty of attempt to commit the particular crimes charged in the information. The court stated:

> "It is a general rule that every completed crime necessarily includes an attempt to commit it, so that, under a charge of a completed offense, accused may be convicted of the lesser offense of attempting to commit the crime charged, as under statutes in terms providing for conviction of an attempt . . . ." 42 C.J.S., Indictments and Informations, § 285, p. 1305.

*Lutheran*, 76 S.D. at 562, 82 N.W.2d at 508.

South Dakota law permitted the jury to convict the defendant of the charge contained in the information or of an attempt to commit the offense charged. See *id.* The law also provided that " '[e]very person who attempts to commit any crime and in such attempt does any act toward the commission of such crime . . .' is punishable as therein provided." (Emphasis omitted.) *Id.* at 562-63, 82 N.W.2d at 508. The court held that such statutes did not infringe upon the constitutional right of an accused to be informed of the nature and cause of the accusation against him. See, also, *State v. Cross*, 144 Kan. 368, 59 P.2d 35 (1936) (on statutory rape charge, accused may be convicted of attempt to commit such crime); *State v. Winslow*, 30 Utah 403, 85 P. 433

(1906) (person charged with incest may properly be convicted of attempt to commit that crime).

■ We adopt the holding of *Com. v. Capone*, 39 Mass. App. 606, 659 N.E.2d 1196 (1996), in which the court stated that a charge of a completed crime logically includes a charge of an attempt to commit it. See, also, *Commonwealth v. Gosselin, supra*. This result is consistent with our decisions in *State v. Foster*, 230 Neb. 607, 433 N.W.2d 167 (1988), and *State v. Pribil*, 224 Neb. 28, 395 N.W.2d 543 (1986), in which we considered whether it was proper to instruct on the lesser-included offenses of attempted first degree assault and third degree assault when the defendant objected to the instructions (*Pribil*) and whether the court may instruct on lesser-included offenses when the State fails to make a prima facie case for the principal crime charged (*Foster*). The test for determining whether a crime is a lesser-included offense is whether the offense in question cannot be committed without committing the lesser offense. See *State v. Al-Zubaidy*, 263 Neb. 595, 641 N.W.2d 362 (2002). Where a crime is capable of being attempted, we hold that an attempt to commit such a crime is a lesser-included offense of the crime charged. It is not necessary to charge a criminal defendant with the lesser-included offense of which the defendant may be found guilty because by charging the greater offense, the defendant is by implication charged with the lesser offense. Every completed crime necessarily includes an attempt to commit it. See *State v. Lutheran*, 76 S.D. 561, 82 N.W.2d 507 (1957).

In the case at bar, the State sought to prove that James, who was over the age of 19 years, subjected the victim, who was under the age of 16 years, to sexual penetration. The trial court found that the act of penetration was not proved beyond a reasonable doubt. Therefore, James was not convicted of the crime charged. However, the court found that James had intentionally engaged in conduct which, under the circumstances as he believed them to be, constituted a substantial step in a course of conduct intended to culminate in first degree sexual assault.

■ The nature of the crime charged in the information must be such as to give the defendant notice that he or she could at the same time face a lesser-included offense charge. The nature of the crime charged was sufficient to give James notice that he

could be convicted of the crime of attempted first degree sexual assault on a child.

In this case, the trial court found that James had attempted to sexually penetrate a person who was less than 16 years of age and that James was over 19 years of age. We conclude that the court did not err in considering the evidence which would support a conviction of the lesser-included offense of attempted first degree sexual assault on a child and in finding James guilty of the lesser-included offense.

■ In a criminal case, a motion for new trial is addressed to the discretion of the trial court, and unless an abuse of discretion is shown, the trial court's determination will not be disturbed. *State v. Jackson*, 264 Neb. 420, 648 N.W.2d 282 (2002). We find no abuse of discretion in the trial court's refusal to grant a new trial.

## CONCLUSION

The judgment of the trial court was correct and is therefore affirmed.

AFFIRMED.