# OCTOBER TERM, 1861.

## WILLIAM HARREL *v.* THE STATE OF MISSISSIPPI.

1. ACCESSARY AFTER THE FACT: WHAT CONSTITUTES: PRINCIPAL CRIME MUST BE COMPLETE.—To constitute an accessary after the fact, the aid and assistance must be given after the felony is fully completed; and hence a party rendering assistance to another after the mortal blow has been stricken and before death has taken place, cannot be convicted as an accessary to the crime of murder after the fact: his offence is that of accessary after the fact to the crime of an assault and battery with intent to kill.   See 2 Hale P. C. 622; 2 Hawkins, ch. 29; 4 Black. Com. 38; 3 Greenl. Ev. sec. 47; Roscoe Crim. Ev. 219, 220.

2. MURDER: NOT COMPLETE TILL DEATH ENSUES.—The crime of murder is not complete until the death of the party takes place.

ERROR to the Circuit Court of Rankin county.   Hon. John Watts, judge.

*Myers* and *Lowry,* with whom was *W. B. Shelby,* for plaintiff in error.

1. The court erred in refusing the third, fourth, and sixth instructions asked by the prisoner, and modifying them to this effect, that the jury could find William guilty, if he aided Richard off before Telfair died, if he was "in a dying condition" when Richard left.

We assume that, as William was indicted for being accessary *after* the fact of "the felony [the stabbing] *and* murder" of Telfair Harrel, William Harrel could not be legally convicted, unless the felony *and* murder were complete at the time he aided and assisted Richard in escaping.   The court assumed the con-

trary, and charged that if "Telfair was in a dying condition" at the time Richard left, he was guilty.

Had the indictment charged William Harrel with having aided Richard in escaping after he had committed the felony of stabbing Telfair, with intent to kill, the conviction would have been proper. Such stabbing is made felony. See Rev. Code, p. 575, Art. 18. But the State saw proper to charge him with the crime of assisting Richard in making his escape after he had committed a *murder;* and upon every principle of justice, as well as according to the uniform authority of the books, it was incumbent on the State to prove its charge as laid in the indictment. The authorities are uniform and multiplied that the offence must be complete by the principal before there can, in the nature of things, be an accessary after the fact. And the very illustration given by Blackstone is similar to the one at bar. "The felony must be complete at the time of the assistance given; else it makes not the assistant an accessary. As, if one wounds another mortally, and after the wound given, but before death ensues, a person assists or receives the delinquent; this does not make him accessary to the homicide; for, till death ensues, there is no felony committed." 4 Blacks. 38. See 2 Hawkins, 320; 3 Greenleaf Ev. p. 47, sec. 47; 1 Chitty's Crim. Law, 264; 1 Hale, 618.

The testimony of Sandidge, the principal witness for the State, leaves no doubt on the mind that, at the time Richard Harrel left, Telfair Harrel was alive and survived for some minutes at least, thereafter.

*T. J. Wharton,* attorney-general, for the State,
Cited 1 Bishop Crim. Law, 2d ed., 489.

SMITH, C. J., delivered the opinion of the court:

This was a conviction in the Circuit Court of Rankin county, under the statute defining the crime of being an accessary after the fact, and prescribing the punishment therefor. Rev. Code, 573, sec. 2, Art. 3.

The exceptions to the judgment are based upon errors alleged to have been committed, by the court, in charging the jury.

The indictment under which the plaintiff in error was tried alleged, first, that one Richard Harrel had (setting out the cir: ·cumstances of the transaction) feloniously, wilfully, and with malice aforethought "killed and murdered" one Telfair Harrel; and, secondly, that the plaintiff in error, well knowing the said Richard Harrel " had done and committed the said felony and murder in form aforesaid," had afterwards aided and assisted said Richard with the intent to enable him to escape and evade arrest, &c.

The evidence adduced on the trial rendered it highly probable, if not certain, that the aid and assistance, which were proved to have been given by the plaintiff in error, with the intent to enable Richard Harrel to effect his escape, were, in point of fact, given after the mortal blow was dealt, but before the death of the party whose life had been assailed; but which occurred within a very short time thereafter.

Upon this state of evidence the court, at the instance of the prosecuting attorney, charged that, "if the jury believed from the evidence that after Richard Harrel had inflicted a mortal wound on Telfair Harrel, and when said Telfair Harrel was in a dying condition, the defendant aided and assisted the said Richard to escape by furnishing him with a horse and money, and sending him away, knowing that said Richard had so wounded the said Telfair Harrel, and with a view to enable him to avoid arrest, they should find the defendant guilty."

And refused to charge, at the instance of the defendant, that if the jury believe from the evidence that William Harrel helped the said Richard off before the said Telfair died they should find the defendant not guilty.

It is clear that the felony charged in the indictment to have been committed by the said Richard Harrel was the murder of Telfair Harrel, and not an assault and battery upon him with intent to commit murder. It is therefore certain that until Telfair Harrel died, the felony alleged in the indictment, and in respect to which the plaintiff in error was charged as accessary after the fact, was not consummated.

In order to fix the guilt of a party charged as accessary after the fact, it is essential that the alleged felony should be complete.

Until such felony has been consummated, any aid or assistance rendered to a party, in order to enable him to escape the consequences of his crime, will not make the person affording such assistance guilty as an accessary after the fact. This is the rule recognized, without exception, by all the authorities. 1. Hale, 622; 2 Hawkins, ch. 29, sec. 35; 4 Black. Com. 38; 3 Greenleaf Ev. p. 47, sec. 47; Roscoe's Crim. Ev. 219, 220.

It is clear, therefore, that the court erred in giving the instruction requested in behalf of the prosecution, and in refusing that asked for by the defence.

As we reverse for this error, we deem it unnecessary to notice another exception taken to the ruling of the court.

Judgment reversed and cause remanded for new trial.