## CROSBY *v.* STATE.

(Division A.  June 14, 1937.)

[175 So. 180.  No. 32743.]

Nate S. Williamson, Jesse H. Graham and J. A. Riddell, all of Meridian, for appellant.

152

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

Smith, **C. J.**, delivered the opinion of the court.

Appellant was convicted of being an accessory after the fact to the murder of Lizzie Marsh. He was jointly indicted with John Wesley Williams for this murder. Williams was convicted, and has since died. The appellant was also convicted, but on appeal to this court his conviction was set aside, for the reason that it was not supported by the evidence, and he was ordered dis-

charged. 168 So. 660. Thereafter he was indicted under section 770, Code 1930, and charged with having aided or assisted John Wesley Williams, knowing that he had murdered Lizzie Marsh, with intent to enable him to escape and avoid arrest.

After the jury was impaneled, and before any evidence was introduced, the appellant's counsel formally advised the court and the district attorney that the appellant admitted that John Wesley Williams murdered Lizzie Marsh, and was tried and convicted therefor. The district attorney declined to accept this admission, and over the appellant's objection was permitted to prove the murder of Lizzie Marsh by Williams, without reference to this admission. Had this admission been accepted and acted on, the trial would have been shortened, and the court's time thereby conserved. But we cannot say that the court erred in permitting the district attorney to prove the murder as an original proposition. There seems to be no absolute rule on this subject. Its solution rests in the sound judicial discretion of the trial court, which will not be interfered with unless manifestly abused. 5 Wigmore on Evidence (2 Ed.), section 2591.

On the trial of this case the State, as the Attorney-General frankly admits, introduced practically all of the evidence introduced by it when the appellant was tried for the murder and also proved on confession by the appellant, not there given in evidence, that the murder was committed by him and Williams jointly.

The crime of accessory after the fact is thus defined by section 770, Code 1930: "Every person who shall be convicted of having concealed, received, or relieved any felon, or having aided or assisted any felon, knowing that such person had committed a felony, with intent to enable such felon to escape or to avoid arrest, trial, conviction or punishment, after the commission of such felony, on conviction thereof," etc.

This statute presupposes, as the common law is, that

a person assisting one who has committed a felony to avoid being arrested therefor was not himself a principal in the commission of the felony; for one cannot be such and also an accessory thereto after the fact. 1 Brill, Cyc. Crim. Law, section 244; 1 Bishop, Crim. Law (8 Ed.), section 663; Reg. v. Hilton, 8 Cox C. C. 87; Howard v. State, 9 Okl. Cr. 337, 131 P. 1100; People v. Chadwick, 7 Utah, 134, 25 P. 737. Contra at common law as to an accessory before the fact: Bishop op. cit. section 664; 2 Hawk. P. C., Curwood Ed., c. 29, section 1; but see section 769, Code 1930. Assistance rendered the principal before the felony is completed to avoid arrest therefor makes the one rendering the assistance an accessory before and not after the fact. Harrel v. State, 39 Miss. 702, 80 Am. Dec. 95, 2 Morris' St. Cases, 1472.

In order to convict the appellant, the State must prove (1) that Williams feloniously killed Lizzie Marsh, and (2) thereafter the appellant, with knowledge thereof, committed specific acts with intent thereby to enable Williams to escape, or to avoid arrest, trial, conviction, or punishment. In so doing it may not introduce evidence disclosing that the appellant was himself a principal in the felonious killing of Lizzie Marsh. Quite a bit of the State's evidence violated this rule, e. g., two separate confessions of the appellant that he participated jointly with Williams in the killing of Lizzie Marsh. It would serve no good purpose to point out the other such evidence, and so to do would needlessly prolong this opinion. The foregoing will constitute a sufficient guide for the court below on the return of the case thereto.

The State's evidence discloses three acts of the appellant by which it is claimed he attempted to assist Williams in avoiding arrest: (1) He concealed the pistol with which Williams shot Lizzie Marsh, knowing that it had been so used; (2) he destroyed the overalls worn by Williams when he committed the crime; and

(3) when questioned by police officers shortly after the commission of the crime, he falsely denied having any knowledge thereof.

The concealment of the pistol was proven by evidence that the appellant before the homicide procured the pistol with which Williams killed Lizzie Marsh, without the knowledge or consent of its owner, a relative of the appellant, and gave it to Williams; and, with knowledge that Williams had killed Lizzie Marsh therewith, surreptitiously returned it to the place from where he had procured it. This evidence by itself alone does not disclose that when the appellant gave the pistol to Williams he knew that Williams intended to kill Lizzie Marsh therewith, and was, therefore, competent for the reason that it has some bearing on the appellant's knowledge that Williams had killed Lizzie Marsh with the pistol. Other evidence offered by the State which tends to disclose that when the appellant gave the pistol to Williams he knew that Williams intended to kill Lizzie Marsh with it should not have been admitted. The evidence as to the concealment of the pistol by the appellant was sufficient to justify the admission of a confession by the appellant, offered by the State, that he concealed the pistol. Consequently, the court committed no error in admitting this confession.

No error appears in the admission of evidence as to the burning by the appellant of the overalls, which from the evidence the jury were warranted in believing were worn by Williams when he killed Lizzie Marsh.

The evidence that the appellant, shortly after the killing of Lizzie Marsh, when questioned by police officers relative thereto, at first denied any knowledge thereof and afterwards admitted that he was present and saw Williams commit the crime, should not have been admitted. It is not necessary for us to determine whether such a denial would constitute one an accessory after the fact, if made with intent to conceal the commission of the crime, for here, when the appellant was questioned

by the police officers, he was himself in custody charged with having killed Lizzie Marsh, and his denial of knowledge thereof was evidently made for the purpose of shielding himself. 16 C. J., 140.

The court refused to grant the appellant an instruction to the effect that the principal in the commission of a felony cannot thereafter become an accessory after the fact, and, if they believed from the evidence that the appellant himself murdered Lizzie Marsh, or assisted Williams so to do, he could not be convicted of being an accessory thereto after the fact. It follows from what we have heretofore said that this instruction should have been granted.

Reversed and remanded.