241 So.2d 158 (1970)
Jerry Dale BOX
v.
STATE of Mississippi.
No. 46012.
Supreme Court of Mississippi.
November 9, 1970.
Claude A. Chamberlin, Aberdeen, for appellant.
A.F. Summer, Atty. Gen., by Velia Ann Mayer, Sp. Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
This is an appeal by Jerry Dale Box from a judgment of the Circuit Court of Monroe County denying his petition for writ of error coram nobis.
*159 The principal question to be determined in this case is whether the appellant, having been indicted for attempted armed robbery, can be legally punished on a plea of guilty to a charge of accessory after the fact of attempted armed robbery. We hold that the offense to which he pleaded guilty is a separate and distinct offense from the one on which he was indicted, and that the trial court was in error in refusing to grant his petition for writ of error coram nobis.
The record of reflects that appellant was indicted on March 18, 1969, by the grand jury of Monroe County for the crime of attempted armed robbery. After counsel was appointed to defend him, he entered a plea of not guilty and his trial was set for March 20, 1969. On the date set for the trial with the consent of his counsel and the district attorney, he withdrew his plea of not guilty to the charge for which he was indicted and entered a plea of guilty to a charge of accessory after the fact of attempted armed robbery; whereupon he was sentenced to serve a term of five years in the State Penitentiary.
On August 4, 1969, appellant filed in forma pauperis his petition for writ of error coram nobis wherein he set up, among other grounds for the granting of the writ, that he had pleaded guilty to a charge for which he had never been indicted by the grand jury and that the offense to which he had pleaded guilty was not a constituent offense of the offense for which he had been indicted. The trial court granted a hearing on his petition and appointed his present counsel to represent him. His appointed counsel is to be commended for the manner in which he has diligently and ably represented this indigent defendant in the trial court and this Court.
The state correctly concedes that there are cases of this Court holding that accessory after the fact is a separate and distinct offense and not a constituent offense of the crime charged against the principal. Crosby v. State, 179 Miss. 149, 175 So. 180 (1937); Harper v. State, 83 Miss. 402, 35 So. 572 (1903). However, the state points out that these cases and other cases holding to the same effect deal with instances where the defendant was actually put to trial and convicted by a jury of being an accessory after the fact of the crime to which he was being tried. It is contended by the state that when the appellant voluntarily entered a plea of guilty he waived all the defects of the indictment which were nonjurisdictional and that the defect, if any, in the indictment in this case was nonjurisdictional. With this contention we cannot agree because the crime of accessory after the fact of attempted armed robbery is entirely a separate and distinct offense and not a constituent part of the offense of attempted armed robbery for which the appellant was indicted. Appellant in reality plead guilty to an offense and is being punished for an offense for which he has never been indicted by the grand jury. Mississippi Constitution, Article 3, Section 27 (1890) requires an indictment by a grand jury before a prosecution may be had in a felony case. State v. Sansome, 133 Miss. 428, 97 So. 753 (1923). Before a person may be punished on a felony charge the court must have jurisdiction of the charge and the person. Section 2564, Mississippi Code 1942 Annotated (1956), provides that a person shall not be convicted for criminal offense for which he has been indicted unless by a confession of his guilt in open court or by the verdict of a jury. It also provides that a person shall not be punished for a felony unless legally convicted in a court having jurisdiction of the charge and the person. It is the indictment by a grand jury that gives the court jurisdiction of a felony charge and without an indictment the court has no jurisdiction to proceed in a felony case. We are constrained to hold that appellant's plea of guilty to the charge of accessory after the fact of attempted armed robbery and his sentence therefor was void and of no effect. Although this finding disposes of the case, it should be stated that we have considered the other errors assigned and find them to be without merit.
*160 For the reasons stated the judgment of the trial court is reversed, the petition for the writ of error coram nobis sustained, the judgment on his plea of guilty to the charge of accessory after the fact of attempted armed robbery is vacated and set aside and the case remanded to the circuit court for arraignment and further proceedings on the charge for which he was indicted.
Reversed and remanded.
ETHRIDGE, C.J., and JONES, PATTERSON and ROBERTSON, JJ., concur.