James L. Harris was indicted in the Circuit Court of Jackson County with Robert E. Floyd, Michael Wood and James Franklin as an accessory after the fact to grand larceny. Harris was granted a severance, convicted, and sentenced to 5 years in the Mississippi State Penitentiary.
On August 2, 1972, 18 tires and rims, of the approximate value of $5,000 were stolen from pulpwood trailers belonging to the Sam Whitfield Timber Company, Inc. On August 5, 1972 Charles Webb, a deputy *Page 925 
sheriff of Jackson County, was at his mother's home which is about 80 feet from the trailer home of Michael Wood, a co-indictee. Webb observed Harris, Floyd, Wood and Franklin loading truck tires into a U-Haul trailer attached to a pickup truck parked in Wood's front yard. As Webb watched, the men took four tires out of the house trailer and five or six tires from behind the house trailer and loaded all of them into the U-Haul. Webb, who knew that truck tires and rims had been stolen from the Whitfield Timber Company, summoned another deputy, James McAnnally, and by the time the second officer arrived, the four men were proceeding down a street pulling the U-Haul with the pickup truck being driven by Harris. When the officers stopped the truck, Harris surrendered his driver's license and gave them permission to search the truck and trailer. A search of the trailer disclosed two Japanese tires matching the description of two of the stolen tires.
When the deputies questioned Harris about the tires, he stated that they belonged to Wood and that he and the other two men were helping Wood take the tires "to the river." Wood told the officers he owned the tires and stated that he had bought them for $20 each, but was unable to produce any record showing a purchase of the tires by him. Both Webb and McAnnally testified that Wood changed his story when they were conveying him to the sheriff's office in the patrol car. At that time Wood admitted that he had not bought the tires but that a "friend" had brought the tires to his house to leave them for a while. Wood did not offer the name or description of this "friend."
Harris denied having any knowledge that the tires were stolen. He testified that, on the day in question, he was at a service station helping Franklin and Floyd repair Franklin's automobile when Wood arrived and asked the men to help him "move some stuff." Wood had previously asked Harris to borrow his truck, but Harris refused the request. Wood requested a loan from Floyd to rent a U-Haul trailer and in response thereto Wood paid for the rent of a trailer. The four men then attached the trailer to the truck and proceeded to Wood's home. Harris claimed that he did not know that tires were to be moved until they arrived at Wood's home. Harris also testified that Wood told him that the tires belonged to an unnamed "friend" and that they were going to take the tires to the river and throw them in. Harris testified further that, although he thought Wood was joking about throwing the tires into the river, nevertheless he agreed to help him. Franklin corroborated Harris' account of the events leading up to the arrest, and Howard Ellzey, a detective in the Jackson County Sheriff's office, stated that Harris told him the same story that he related on the witness stand.
Harris contends that his conviction should be reversed because the state failed to prove the necessary elements of the offense.
Harris was indicted under § 97-1-5 Miss. Code Ann. (1972) which defines the crime of accessory after the fact. Under the statute the state must prove (1) that a completed felony had been committed; (2) that the accused concealed, received, relieved, aided or assisted a felon, knowing that such person had committed a felony; and (3) that such aid or assistance was rendered with intent to enable such felon to escape or to avoid arrest, trial, conviction or punishment after the commission of such felony. The elements of the crime of accessory after the fact are succinctly stated in 21 Am.Jur.2d, Criminal Law § 126 as follows:
 To be guilty as an accessory after the fact one must have known that a completed felony was committed and that the person aided was the guilty party and the person charged must have had an intention to shield the felon from the law.
We have very few decisions in this state construing the statute (97-1-5). The first *Page 926 
case dealing with the question is Harrel v. State, 39 Miss. 702
(1861) where the Court held that an accessory after the fact is one who gives aid and assistance after a felony is fully completed.
The state proved this element of the offense by the testimony of Robert Whitfield, Secretary of the Sam Whitfield Timber Company, Inc., who testified that 18 truck tires and rims had been stolen from the company.
In Crosby v. State, 179 Miss. 149, 175 So. 180 (1937) appellant, Crosby, was charged with being an accessory after the fact to the crime of murder and the Court stated:
 In order to convict the appellant, the State must prove (1) that Williams feloniously killed Lizzie Marsh, and (2) thereafter the appellant, with knowledge thereof, committed specific acts with intent thereby to enable Williams to escape, or to avoid arrest, trial, conviction, or punishment. . . . (179 Miss. at 160, 175 So. at 182).
We have also held that an essential element of the crime of accessory after the fact is that the defendant acted with guilty knowledge. In Matula v. State, 220 So.2d 833 (Miss. 1969) this Court stated:
 An indispensable element of the crime charged against Matula is that he acted with guilty knowledge. Crosby v. State, 179 Miss. 149, 175 So. 180 (1937).
 In 22 C.J.S. Criminal Law § 31(3) (1961) it is stated:
 Ordinarily one is not guilty of a crime unless he is aware of the existence of all those facts which make his conduct criminal. Without guilty knowledge criminal intent cannot exist.
 Also, in 22 C.J.S. Criminal Law § 96 (1961) it is stated:
 To render one liable as an accessary after the fact he must have had actual knowledge, at the time he relieved or assisted the principal, that the latter had committed a felony, or was an accessary before the fact to a felony; and such knowledge must be personal as distinguished from constructive. Thus, it has been held that if accused had actual knowledge of facts which would give him good reason to believe the person assisted to be guilty of the felony, this will be sufficient. (220 So.2d at 834).
The state argues that, since Harris was a race driver and mechanic he must have known the value of the tires and rims, and when he admitted that he was helping Wood dispose of them, this was sufficient to prove that he was acting with guilty knowledge that the tires were stolen and that he was aiding a felon by attempting to dispose of the evidence. We cannot agree. The facts and circumstances known to Harris at the time of the incident as shown by the proof are wholly insufficient to support the conclusion that he knew a felony had been committed or that he was assisting the felon (whomever he might have been) dispose of the tires. We reverse on the basis that the state did not prove two essential elements of the crime of accessory after the fact, (1) that Harris aided or assisted a felon knowing that such person had committed a felony, and, (2) that such aid or assistance was rendered to enable the felon to escape arrest, trial, conviction or punishment.
Harris also contends that the failure to name the principal felon in the indictment is reversible error. The statute (97-1-5) provides that it shall not be necessary to aver in the indictment or prove on the trial that the principal has been convicted or tried. From an examination of the record in this case it appears that it was the theory of the state that Wood was the principal Harris was accused of assisting; however, Wood was not named in the indictment as being the principal, but was indicted along with Harris as being an accessory after the fact. *Page 927 
The state argues that since it is not necessary to name the principal felon in a prosecution of an accessory before the fact, the same rule should apply in the prosecution of one charged with being an accessory after the fact. Huff v. Edwards, 241 So.2d 654
(Miss. 1970); Wages v. State, 210 Miss. 187, 49 So.2d 246 (1950).
It must be remembered however that the statute requires that the accused must have aided or assisted "any felon" knowing that such person had committed a felony with intent to enable such felon to escape or avoid arrest, trial, conviction or punishment. It naturally follows and we now hold that when one is accused of aiding a felon after the commission of a felony, such felon should be identified, either by name or some other manner so the accused might know with certainty the person he is charged with aiding or assisting and that such identity should be set forth in the indictment and proved.
Reversed and rendered.
GILLESPIE, C.J., and PATTERSON, WALKER, and SMITH, JJ., concur.
 *Page 231