519 So.2d 438 (1988)
Charles Albert GRAYER
v.
STATE of Mississippi.
No. 57379.
Supreme Court of Mississippi.
February 3, 1988.
*439 Charles A. Grayer, Parchman, pro se.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and ROBERTSON and GRIFFIN, JJ.
ROBERTSON, Justice, for the court:
Charles Albert Grayer seeks vacation of his guilty plea to the crime of assault with intent to rape entered March 25, 1970, upon which he was sentenced to ten years imprisonment. Grayer flat-timed his sentence. The conviction still haunts him as it has been used to enhance to habitual offender status a subsequent burglary conviction. See Grayer v. State, 509 So.2d 906 (Miss. 1987) (opinion not designated for publication).
Grayer applied to the Circuit Court for the First Judicial District of Hinds County for post-conviction relief. The Circuit Court by order entered on March 21, 1986, denied that relief. Grayer presents the present appeal urging four grounds only one of which merits comment.
Grayer urges that his 1970 conviction was unlawful because it was entered upon a plea of guilty to a crime for which he had not been indicted. To be sure, our law declares void and of no effect a plea of guilty to a crime separate and distinct from the crime charged in the indictment and not a constituent offense thereof. Box v. State, 241 So.2d 158, 159 (Miss. 1970). For example, a person indicted for manslaughter could not enter an enforceable plea of guilty to the crime of embezzlement. Our Constitution requires indictment by a grand jury before a prosecution may be had. Miss. Const. Art. 3, § 27 (1890). In such a hypothetical case, there would have been no grand jury indictment for the offense of embezzlement.
On the other hand, reduced charges are of the essence of the plea bargaining process. No one questions enforceability of a plea entered to a lesser included constituent offense to that charged in the indictment.
In the case at bar, Grayer was charged in an indictment returned by the Grand Jury of the First Judicial District of Hinds County, Mississippi, in March of 1970 with the crime of forcible rape. See Miss. Code Ann. § 2358 (1942).[1] Grayer originally *440 pled not guilty to this charge. Thereafter, Grayer entered into plea bargain negotiations resulting in his plea to the charge of assault with intent to rape. The minutes of the Circuit Court of March 25, 1970, read:
Now comes the defendant in his own proper person and by counsel and withdraws the plea of not guilty to the charge of rape heretofore entered, and enters a plea of guilty under Section 2361,[2] Mississippi Code of 1942 instead. It is therefore ordered and adjudged that the defendant, Charles Albert Grayer, for such his crime is rape to which he has entered a plea of guilty under Section 2361, Mississippi Code of 1942, be and is hereby sentenced to serve a term of ten years in the Mississippi State Penitentiary.
Quite apparently a conventional plea bargain occurred. Forcible rape under Section 2358 at the time contemplated only two possible sentences: death or life imprisonment. Assault with intent to rape under Section 2361, however, authorized a punishment up to life imprisonment but also provided for "such shorter time as may be fixed by the jury." In the plea bargain context, of course, the ten year sentence was well within the authority of Section 2361.
Grayer would have us hold that assault with intent to rape is not a lesser included constituent offense of forcible rape. Under the Box rule Grayer urges that the judgment of conviction entered upon his guilty plea is void and of no further force and effect. Superficial support for this idea appears in Thames v. State, 221 Miss. 573, 577, 73 So.2d 134, 136 (1954), which reads:
Under Code Section 2361 the previous chaste character of the female is an essential element of the crime. [citation omitted] Previous chaste character of the female is not an element of rape under Code Section 2358.
221 Miss. at 577, 73 So.2d at 136.
The State takes the argument seriously and engages in a considerable flight of fancy arguing that the reference in the Circuit Court minute entry to Section 2361 is somehow erroneous. We would not give such an argument the time of day if advanced by Defendant, and we credit it no more as it is advanced by the State. See Evans v. State, 144 Miss. 1, 6, 108 So. 725, 726 (1926).
The quick answer is that assault with intent to rape under Section 2361 is sufficiently a constituent offense of forcible rape such that a plea-bargain-induced guilty plea thereto under an indictment charging forcible rape will withstand subsequent post-conviction attack. The element of "previous chaste character" contemplated by Section 2361 is not inconsistent with forcible rape under Section 2358. That the jury may find the victim of previous chaste character would in no way preclude a conviction under Section 2358 if the other elements of forcible rape be proven.[3]
*441 We have considered carefully the other assignments asserted by Grayer on this appeal. Suffice it to say that none requires either comment or reversal.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, GRIFFIN and ZUCCARO, JJ., concur.
ANDERSON, J., not participating.
NOTES
[1] At the time in question the statute identifying the constituent elements of the crime of forcible rape read as follows:

Every person who shall be convicted of rape, either by carnally and unlawfully knowing a female child under the age of twelve years, or by forcibly ravishing any female of the age of twelve years and upward, or who shall have been convicted of having carnal knowledge of any female above the age of twelve years without her consent, by administering to her any substance or liquid which shall produce such stupor or such imbecility of mind or weakness of body as to prevent effectual resistance, shall suffer death, unless the jury shall fix the imprisonment in the penitentiary for life, as it may do in cases of murder. In all cases where the female is under the age of twelve years it shall not be necessary to prove penetration of the female's private parts where it is shown the private parts of the female have been lacerated or torn in the attempt to have carnal knowledge of her.
[2] Section 2361 reads as follows:

Every person who shall be convicted of an assault with intent to forcibly ravish any female of previous chaste character shall be punished by imprisonment in the penitentiary for life, or for such shorter time as may be fixed by the jury.
[3] By way of analogy, we consider heat of passion manslaughter a lesser included offense to the charge of murder, even though that particular form of manslaughter contemplates proof of a fact inconsistent with the principal charge of murder. See Isom v. State, 481 So.2d 820, 824-25 (Miss. 1985). Similarly, negligent homicide while intoxicated, Miss. Code Ann. § 63-11-30 (Supp. 1987) is a lesser included offense to culpable negligence manslaughter, Miss. Code Ann. § 97-3-47 (1972), even though driving while intoxicated is not a necessary element of the latter offense. See Craig v. State, ___ So.2d ___, ___ (Miss. No. 57,137, dec. Feb. 3, 1988) (not yet reported).