I concur in reversing this case. In my view this is not a case of whether or not an accessory after the fact is a lesser included offense of armed robbery clearly it is not, and any discussion of the law as to lesser included offense instructions is irrelevant.
The basic question in this case is whether a defendant, when the evidence supports it, is entitled to an instruction telling the jury that although they may believe beyond a reasonable doubt that he is guilty of a crime separate and distinct from the one with which he is charged, they should nevertheless acquit him of the one for which he is indicted. Also, that the mere fact that they believe beyond a reasonable doubt that he is guilty of a separate and distinct crime does not warrant their finding him guilty of the crime for which he was indicted, and for which they should return a verdict of not guilty. Crosby v. State,179 Miss. 149, 162, 175 So. 180, 182 (Miss. 1937).
In this case Gangl was clearly entitled to such an instruction. The one he requested arguably is somewhat confusing, but the circuit judge should have permitted defense counsel to reform it to clarify the issue before the jury. I do not read Wilcher v.State, 455 So.2d 727, 734 (Miss. 1984), as contrary to this view. In that case we held that the issue covered by the requested instruction had been properly covered by *Page 138 
other instructions granted by the circuit court.
Nor, in my view, is a defendant by such requested instruction waiving his right either to have been, or to be properly indicted. The State chose the charge under which he is being tried; they should live with it.
ZUCCARO, J., joins this opinion.