## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-KA-01854-SCT

*STATE OF MISSISSIPPI*

*v.*

*TOMMY DEAN SHAW*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/8/2001 |
| TRIAL JUDGE: | HON. JERRY O. TERRY, SR. |
| COURT FROM WHICH APPEALED: | STONE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF THE DISTRICT ATTORNEY |
| | BY: CHRISTOPHER LOUIS SCHMIDT |
| | BY: CONO A. CARANNA |
| ATTORNEYS FOR APPELLEE: | TADD PARSONS |
| | JACK PARSONS |
| DISTRICT ATTORNEY: | CONO A. CARANNA, II |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | PRESENTED QUESTION ANSWERED-10/09/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**McRAE, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Relying on ***Harris v. State***, 723 So.2d 546 (Miss. 1997), the Circuit Court of Stone County granted a directed verdict for Tommy Dean Shaw on the indicted charge of murder and would not allow the jury to consider whether Shaw was guilty of the unindicted crime of manslaughter. The State of Mississippi appeals the entry of the directed verdict and asks this Court to overrule ***Harris***. The State argues that if the State fails to make out a prima facie case on the charge of murder, the trial judge should

have the discretion to enter a "limited" directed verdict as to the murder charge and to submit the case to the jury on the uncharged offense of manslaughter. We reject the State's contexion and reaffirm our ruling in *Harris*.

## FACTS AND PROCEEDINGS BELOW

¶2.    Tommy Dean Shaw ("Shaw") was indicted by the Grand Jury of Stone County on November 22, 2000, for the crime of murder in violation of Miss. Code Ann. § 97-3-19(1)(a) (1972). Following a 2001 mistrial in Stone County, trial began in Stone County on November 5, 2001. After a three-day trial, the court granted a directed verdict of acquittal on the indicted charge of murder and would not allow the jury to consider whether Shaw was guilty of the unindicted crime of manslaughter. Relying on *Harris v. State*, 723 So.2d 546 (Miss. 1997), the trial judge ruled that the State had failed to make a prima facie case on the indicted murder charge; therefore, the court was obligated to grant a directed verdict of acquittal on the charge of murder and not permitted to submit the case to the jury on manslaughter, a lesser unindicted offense.

¶3.    Pursuant to Miss. Code Ann. § 99-35-103(b) (Rev. 2000),[1] which provides in relevant part that:

> The state or any municipal corporation may prosecute an appeal from a judgment of the circuit court in a criminal cause in the following cases:
>
> . . . .
> (b) From a judgment actually acquitting the defendant where a question of law has been decided adversely to the state or municipality; but in such case the appeal shall not subject the defendant to further prosecution, nor shall the judgment of acquittal be reversed, but the Supreme Court shall nevertheless decide the question of law presented.

---

[1] This statute renders this appeal as one of "no controversy" since it will not subject the defendant to further prosecution or reversal of the trial court's acquittal. Under the statute there is no need for the defendant to respond to this appeal.

2

The State seeks redress only as to a pure question of law and not for the purpose of further prosecution of Shaw. The State does not contest the trial judge's rulings as to the "facts" but only contends that this Court's ruling in *Harris* should be overruled.

## DISCUSSION

¶4. Since the issue presented is a question of law, we conduct de novo review. *Ostrander v. State*, 803 So.2d 1172, 1174 (Miss. 2002) (citing *Dep't of Human Servs. v. Gaddis*, 730 So.2d 1116, 1117 (Miss. 1998)).

¶5. The State calls upon this Court to overrule *Harris*. The State argues that this Court's ruling in *Harris* is contrary to the modern trend of allowing trial courts to submit a lesser charge to the jury without the necessity of a separate count in the indictment, if the court directs a verdict on the charge in the indictment. The State argues that a defendant under indictment for murder is sufficiently on notice that the subsequent submission of the charge of manslaughter, for which the defendant is not under indictment, does not cause prejudice. Further, the State argues that submitting to the jury a lesser unindicted crime is not contrary to the well-established precedent of allowing trial judges to submit uncharged lesser- included offenses to the jury upon a limited directed verdict acquitting the defendant of the superior offense. The State argues that this Court's recent decision in *Ostrander* is in direct conflict with *Harris*. Additionally, the State argues that other jurisdictions have recognized the right of a trial judge to grant a limited directed verdict on a superior offense and submit to the jury an unindicted lesser offense. The State alleges that manslaughter is a lesser- included offense to murder; and therefore, under current precedent, it should have been permitted to proceed. The State claims the present facts are very different from those in *Harris*; therefore, *Harris* should not be controlling. Finally, the State argues that since this Court has authority

3

to find a defendant guilty of lesser-included offenses, the trial court should be able to give instructions on lesser offenses.

¶6.     In *Harris*, the defendant was indicted on three charges of deliberate design murder under Miss. Code Ann. § 97-3-19 (1972) after a shootout on Mill Street in Jackson, Mississippi. 723 So.2d at 547. Harris and two other defendants had fired weapons into a Jeep Cherokee killing Doris, Harold, and Hosea Williamson. *Id.* Harris fired shots from a .357 magnum handgun, while one of other defendants used an AK-47 assault rifle. *Id.* At trial, an expert for the State testified that the three victims were killed by a high velocity weapon not a .357 magnum. *Id.* At the close of the State's case, Harris moved for directed verdict based on a lack of evidence that he had caused the deaths of the three victims. *Id.* The trial judge granted a directed verdict, but allowed the State to proceed on three counts of the lesser offense of aggravated assault, charges for which Harris was never indicted. *Id.* The trial judge reasoned that an aggravated assault charge is a lesser-included offense of the deliberate design murder charge. *Id.* The jury convicted Harris of three counts of aggravated assault. *Id.* Harris appealed claiming that the "after the trial court granted him a directed verdict of acquittal on deliberate design murder, the State should not have been allowed to proceed on the theory that aggravated assault was a lesser-included offense of deliberate design murder." *Id.* We held that:

> A trial court determination of insufficiency leading to a directed verdict of acquittal on the charge of the indictment summarily concludes the State's case on the charge. If the State has made no other charges within the indictment, then the State is precluded from trying the defendant on a lesser offense. . . . a directed verdict on an indictment for murder is a bar to trying the defendant on aggravated assault, since he had not be indicted for the offense of aggravated assault.

*Id.* at 547-48. We further held that "[w]hen a trial court grants a defendant's motion for directed verdict, the trial court should not thereafter be permitted to alter or modify its apparently unqualified acquittal by

4

permitting the State, through amendment of the accusatory pleading to charge necessarily included lesser offenses." *Id.* at 548. We relied on URCCC 7.06 which states that "[t]he indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation." We found that Harris was entitled to a grand jury indictment on aggravated assault. *Id.* We stated that "[t]he State cannot be allowed to charge only the highest offense and then test the evidence as it goes along until the burden for some lesser offense is met." *Id.* at 549.

¶7.     The State argues that a defendant under indictment for murder is sufficiently on notice that the subsequent submission of the charge of manslaughter, for which the defendant is not under indictment, does not prejudice the defendant. This argument fails for a couple of reasons.

¶8.     Under the Mississippi Constitution art. 3, §§ 26, 27, a defendant is entitled to notice through indictment of the charges for which he is being prosecuted. *See* ***Hailey v. State***, 537 So.2d 411, 416 (Miss. 1988) ; ***Grayer v. State***, 519 So.2d 438, 439 (Miss. 1988). Likewise, indictments must "fully notify the defendant of the nature of the cause of the accusation." URCCC 7.06. An indictment for "murder" does not notify a defendant of a possible "manslaughter" conviction, because manslaughter is not a lesser-included offense to murder. ¶9.     Shaw was indicted for murder under Miss. Code Ann. § 97-3-19(1)(a) which states:

> (1) The killing of a human being without the authority by law by any means or in any manner shall be murder in the following cases:
>
>> (a) When done with **deliberate design to effect** the death of the person killed, or of any human being.

(emphasis added). The State now asserts that the trial judge should have been authorized to issue a "limited" directed verdict as to the murder charge and allow the State to proceed on the lesser unindicted

5

offense of manslaughter under Miss. Code Ann. § 97-3-35 (Rev. 2000) which provides that "[t]he killing of a human being, **without malice, in the heat of passion, but in a cruel or unusual manner; or by the use of a dangerous weapon**, without authority of law, and not in necessary self-defense, shall be manslaughter." (emphasis added). Murder requires "**deliberate design**" which implies some form of malice. Miss. Code Ann. § 97-3-19. On the other hand, manslaughter requires "**without malice, in the heat of passion, but in a cruel or unusual manner; or by the use of a dangerous weapon**" which specifically excludes malice. Miss. Code Ann. § 97-3-35. A murder indictment indicating **malice** does not place a defendant on notice of possible lesser charges **without malice**. If that were the case, then a defendant could not argue in his defense of a murder indictment that he lacked the requisite malice because in doing so he may be setting himself up for a manslaughter charge for which he was never indicted.

¶10.    Furthermore, Miss. Code Ann. § 99-7-37 (Rev. 2000) provides separate requirements for indictments for murder and manslaughter:

> In an indictment for homicide it shall not be necessary to set forth the manner in which or the means by which the death of the deceased was caused, but it shall be sufficient to charge in an indictment for murder, that the defendant did feloniously, wilfully, and of his malice aforethought, kill and murder the deceased. And it shall be sufficient, in an indictment for manslaughter, to charge that the defendant did feloniously kill and slay the deceased, concluding in all cases as required by the constitution of this state.

It is clear that our Legislature did not intend that a murder indictment would give sufficient notice of the possible charge of the separate crime of manslaughter.

¶11.    The State argues that since this Court has held that notice of a superior charge also includes notice of lesser-included offenses, it should also find notice of a superior charge includes notice of lesser offenses. *See* ***Payton v. State***, 642 So.2d 1328 (Miss. 1994); ***Porter v. State***, 616 So.2d 899 (Miss. 1993);

6

*Harveston v. State*, 493 So.2d 365 (Miss. 1986). Additionally, the State argues that since under Miss. Code. Ann. § 99-19-5 (Rev. 2000), a jury can return a verdict on a lesser-included offense, it should also be able to consider a lesser offense. Section 99-19-5 provides that "[o]n an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose." The State's argument fails because there is a difference between lesser-included offenses and lesser offenses.

¶12. We have repeatedly allowed notice of a superior charge to stand for notice for lesser- included offenses, but we have also refused to allow notice of a superior offense to suffice for a lesser unindicted offense. In *Hailey*, we held that an indictment for forcible rape could not be submitted to the jury with an instruction for child fondling as it is not a lesser- included offense. 537 So.2d at 412. We found that "the indictment [for forcible rape] did not sufficiently inform Hailey that he might face a charge of child fondling. *Id.* The elements of rape included (1) carnal knowledge; (2) without consent and by force; and (3) of a female child age 12 years or upward. *Id.* at 414 (citing Miss. Code Ann. § 97-3-65(2) (1972)). The elements of child fondling included (1) a handling or touching or rubbing; (2) of a child under the age of 14 years; (3) by a person above the age of 18 years; and (4) for purposes of gratifying lust or indulging licentious sexual desires. *Id.* (citing Miss. Code Ann. § 97-5-23 (Supp. 1987)). Under Miss. Code Ann. § 99-19-5, the jury may only consider "inferior offenses 'necessarily included within the more serious offense.'" *Id.* (quoting *Sanders v. State*, 479 So.2d 1097, 1105 (Miss. 1985); *Gillum v. State*, 468 So.2d 856, 861 (Miss. 1985); *Cannaday v. State*, 455 So.2d 713, 725 (Miss. 1984)). *See also Biles v. State*, 338 So.2d 1004 (Miss. 1976); *Gray v. State*, 220 Miss. 220, 70 So.2d 524 (1954); *Bogan*

7

*v. State*, 176 Miss. 655, 170 So. 282 (1936); **Brown v. State**, 103 Miss. 664, 60 So. 727 (1913); **Bedell v. State**, 50 Miss. 492 (1874). "[T]his section only authorize[s] convictions of inferior constituent offenses unless there be an additional count in the indictment." 537 So.2d at 414-15 (citing **Callahan v. State**, 419 So.2d 165, 176 (Miss. 1982)). This Court held that "[i]f under the statute (1) the lesser offense is necessarily included within the statutory definition of the charged offense, or (2) the indictment contains such allegations that a lesser offense is necessarily charged in the indictment, then the State may receive the benefit of Miss. Code Ann. § 99-19-5 if the evidence supports an instruction on the lesser offense." *Id*. at 416. Neither of these scenarios are present here. Shaw was indicted for murder the elements of which do not include all the requisite elements for manslaughter. An indictment for murder does not contain such allegations that would necessarily include the lesser charge of manslaughter.

¶13.    In *Holmes v. State*, 660 So.2d 1225, 1227 (Miss. 1995), we upheld the amendment of an indictment from robbery to grand larceny.  Relying on Miss. Code Ann. § 99-19-5, we found that "the effect of the amendment at issue is the same as would result from submission of a lesser-included offense instruction. . . . and caused Holmes to "suffer no prejudice." *Id.* Certainly Shaw would have been prejudiced here if the State had been permitted to proceed on a charge of manslaughter.

¶14.    In *Eakes v. State*, 665 So.2d 852, 859-60 (Miss. 1995), we held that an indictment for sexual battery could be amended to attempted sexual battery without the need for an additional indictment.  We relied on Miss. Code Ann. § 99-19-5 reasoning that since the elements of attempted sexual battery were also contained in the elements for sexual battery, the defendant was sufficiently on notice that he could be convicted of the attempt charge. *Id.* We further found that "Eakes' defense to the sexual battery charge was still available to him with regard to the attempted sexual battery charge." *Id.* at 860.   Under the

present facts Shaw's defense of lack of malice would not have been available to him if the State had been allowed to proceed on a charge of manslaughter, which does not require malice.

¶15.    We have relied on Miss. Code Ann. § 99-19-5 and found that an indictment for felony child abuse did not place a defendant on notice as to a possible charge of misdemeanor contributing to the neglect of a child. *Moore v. State*, 799 So.2d 89, 90-91 (Miss. 2001). We found that " 'if the State proved the elements of felonious child abuse, it would not follow a fortiori that all the elements of child neglect were also proven.' " *Id.* at 91. (quoting *Payton*, 642 So.2d at 1334). "A defendant in a criminal case can be found guilty of a lesser-included offense, so long as it is necessarily a lesser-included offense of the offense charged." *Id.* Under the present facts, manslaughter is not a lesser-included offense of murder. The elements of murder and manslaughter are quite different. Notice to a defendant that he is required to defend against the elements of murder does not provide notice that he may too be required to defend against the elements of manslaughter.

¶16.    Additionally, the Court of Appeals has held that an indictment for armed robbery necessarily included the offense of simple robbery; therefore, the jury could be instructed on the lesser-included offense even though it was not contained in the indictment. *Fulcher v. State*, 805 So.2d 556, 560-61 (Miss. Ct. App. 2001). " 'The purpose of an indictment is to put the defendant on notice of the nature and cause of the charges against him.' " *Id.* (quoting *Richardson v. State*, 769 So.2d 230, 233 (Miss. Ct. App. 2000)). The Court of Appeals held that " '[a] lesser-included offense by definition is one in which all its essential ingredients are contained in the offense for which the accused is indicted, but not all of the essential ingredients of the indicted offense.' " *Id.* at 560 (citing *Payton*, 642 So.2d at 1334 (quoting *Porter*, 616 So.2d at 909-10)). In rejecting the application of *Harris*, the Court of Appeals found that it dealt with a lesser-included offense; therefore *Harris* was inapplicable. *Id.* at 561.

¶17.    In *Odom v. State*, 767 So.2d 242, 246 (Miss. Ct. App. 2000), the Court of Appeals held that an instruction on the lesser-included offense of simple assault was proper when the indictment was for aggravated assault.  The Court found *Harris*,  inapplicable since this case involved a lesser-included offense, not a lesser offense.  *Id.* at 245.

¶18.    A "lesser-included offense" is very different than a "lesser offense."  The essential elements of a lesser-included offense are among the essential elements of the superior offense.  *See Fulcher*, 805 So. 2d at 560 (citing *Payton*, 642 So.2d at 1334 (quoting *Porter*, 616 So.2d at 909-10).  In his specially concurring opinion in *Porter*, Chief Justice Hawkins stated that:

> A lesser-included offense by definition is one in which *all* its essential ingredients
> are contained in the offense for which the accused is indicted, but not *all* of the
> ingredients of the indicted offense.  An accused could not be guilty of the offense
> for which he is indicted without at the same time being guilty of the lesser-included
> offense.  The lesser-included crime is encompassed within the crime for which the
> accused is indicted.  *Harper v. State*, 478 So.2d 1017, 1021 (Miss. 1985).
> There may very well be a separate, distinct and less serious crime which the proof
> at trial shows the defendant committed, but this does not necessarily mean it is a
> lesser-included offense.  To constitute a lesser-included offense, every one of the
> essential ingredients must also constitute essential ingredients of the more serious
> crime of which the accused is *indicted*.

616 So.2d at 909-10 (Hawkins, C.J., specially concurring) (emphasis in original).   Here, we are dealing with a lesser offense.  A defendant cannot be held to be on notice of  a potential charge  the elements of which are different and distinct from those laid out in the indictment charge.  How would he formulate his defense if he had to prepare for the possibility of being charged with unindicted lesser offenses? If Shaw's defense to murder was based on lack of malice or mere negligence, would he not be prejudiced by the State being allowed to proceed on the unindicted charge of manslaughter which required no malice and which can be based on negligence?

¶19.    The State also argues that this Court's decision in *Ostrander* is contrary to the holding in *Harris*. This argument fails because the charge of first offense DUI is necessarily a lesser-included offense of the charge of second offense DUI; therefore, our ruling in *Ostrander* is consistent with this Court's past rulings.

¶20.    In *Ostrander*, the defendant was indicted for second offense DUI. 803 So.2d at 1173. At the conclusion of the State's evidence, Ostrander moved for a directed verdict claiming that the State had failed to prove his prior DUI conviction, and as a result failed to prove a required element of its case. *Id.* The trial judge overruled his motion as to the case as a whole, but ruled that the prosecution could proceed on a charge of first offense DUI since it was a lesser-included offense of second offense DUI. *Id.* at 1174. The judge stated that

> The gist of this offense is operating a motor vehicle while impaired. The enhancement provided by the first, second, and third offenses concerns punishment. And amendments can be allowed to conform to the evidence and proof here. And certainly first offense DUI or first conviction DUI is a lesser offense of the second offense, which is a lesser offense of a third or felony offense.

*Id.* A jury found Ostrander guilty of first offense DUI. *Id.* On appeal, Ostrander argued that *Harris* precluded the jury from convicted him of first offense DUI. We held that:

> This Court's decision in *Harris*, does not prevent the jury from convicting Ostrander of first offense DUI. In *Harris*, this Court concluded that "where the accusatory pleading fails separately to charge lesser-included offenses, and the court grants a motion for directed verdict of acquittal, the judge of acquittal on the charged offense includes acquittal on all uncharged lesser-included felony offenses." *Id.* at 549. This holding must not be interpreted outside the factual and procedural context of *Harris*. In *Harris*, the trial court's grant of the defendant's motion for directed verdict was an "apparently unqualified acquittal." *Id.* at 548. This Court observed, "The difference between a directed verdict and a jury verdict lies only in the source; the effect of the acquittal is the same in either case." *Id.* (Citing *State ex rel. Robinson v. Blackburn*, 367 So.2d 360, 362-63 (La. 1979)). The Court also stated that "a judgment of acquittal, whether entered by

> jury verdict or by grant of a directed verdict should be accorded equal weight and consequences." *Id.* (Citing *People v. McElroy*, 208 Ca.App.3d 1415, 256 Cal.Rptr. 853, 858 (1989)). In the case at bar, the trial judge expressly limited his directed verdict to the second offense DUI. Such an acquittal, accompanied by an indication that the judgment did not encompass acquittal of the lesser-included offense, does not protect Ostrander from liability from the lesser offense necessarily included in the second offense DUI.

803 So.2d at 1176-77. We noted that "[n]o facts were altered by the directed verdict, and no defense was suddenly unavailable." *Id.* at 1177. *Ostrander* involved the acquittal of a superior offense and the State's proceeding on a lesser-included offense. Here, the case involves two distinct offenses, murder and manslaughter. There is no lesser-included offense; therefore, *Ostrander* is not contrary to the holding in *Harris*. Furthermore, if the State had been allowed to suddenly proceed on a charge of manslaughter, Shaw would have been denied the defense of lack of malice.

¶21. Third, the State argues that our holdings on this issue are contrary to those of other jurisdictions. The State cites *People v. McElroy*, 208 Cal. App. 3d 1415, 256 Cal. Rptr. 853 (Cal. Ct. App. 1989); *State v. Morris*, 331 N.W. 2d 48 (N.D. 1983); and *State v. Foster*, 433 N.W.2d 168 (Neb. 1988).

¶22. In *McElroy*, the defendant was convicted of fifteen counts of robbery with the personal use of a firearm, ten counts of robbery while armed with a firearm, two counts of robbery, one count of attempted robbery with personal use of a firearm, and one count of attempted robbery while armed with a firearm. 208 Ca. App. 3d at 1418-19. At the conclusion of the State's case, McElroy moved for acquittal as to two of the counts of robbery claiming the evidence failed to show any property actually being taken. *Id.* at 1422-23. The State moved to amend one of these counts to attempted robbery, which was granted. *Id.* at 1423. On the other count, the State argued that property had been taken therefore a count of robbery was justified. *Id.* The trial court disagreed and orally granted McElroy's motion for directed

verdict without qualification as to that count. *Id.* The State then moved to amend that count to attempted robbery, which was granted over McElroy's objection. *Id.* In finding that the trial court's unqualified acquittal prevented an attempted robbery conviction as to the one count, the court noted that "[o]ur decision, of course, does not prohibit the trial court from appropriately limiting the impact of the grant of [directed verdict] motion." *Id.* at 1424. One major difference between *McElroy* and *Harris*, is that *McElroy* deals with lesser-included offenses, whereas *Harris* deals with lesser offenses.

¶23.    In *Morris*, the defendants were convicted of possession of a controlled substance with intent to deliver and possession of less than one half ounce of marijuana. 331 N.W.2d at 48. On appeal, the defendants argued that the trial court erred in denying their motion for judgment of acquittal because there was insufficient evidence for which the jury could convict. *Id.* at 55. In finding that the trial judge was empowered to give a limited acquittal, the court stated that "[a] trial court's granting of a motion for judgment of acquittal with respect to the major offense charged does not preclude submission of the case to the jury on the basis of the lesser-included offense instruction unless, of course, the granting of the motion for acquittal extends to the lesser-included offenses." *Id.* at 56 (citing *Howard v. United States*, 237 F.2d 216 (D.C. Cir. 1956); *State v. Marti*, 290 N.W.2d 570 (Iowa 1980); *State v. Strong*, 339 S.W.2d 759 (Mo. 1960); *State v. Vincent*, 321 S.W.2d 439 (Mo. 1959)). Again, there is a major difference between *Morris* and *Harris*. *Morris* addresses acquittal of superior offenses and submission of lesser-included offenses to the jury. *Harris* addresses lesser offenses with different elements.

¶24.    In *Foster*, the defendant was indicted with one count of first degree assault. 433 N.W.2d at 168. After closing arguments the judge noted that "there's a first degree assault charge against Mr. Foster, and its my impression as a matter of law that that charge fails because I feel that the–that the evidence is

13

insufficient for any reasonable minds to conclude that there was a serious bodily injury." *Id.* at 168. The Court found the defendant could not be guilty of first degree assault, but submitted to the jury attempted first degree assault, a lesser-included offense. *Id.* at 168-69. The Court found that "where the State fails to demonstrate a prima facie case on the crime charged, but does so on a lessor included offense, the trial court in its discretion may direct a verdict on the crime charged and submit the evidence to the trier of fact for consideration on the lesser-included offense." *Id.* at 169. Again, *Foster* is different from *Harris*. *Foster* concerns a lesser-included offense, the elements of which are contained in the superior offense. *Harris* contains a lesser offense, the elements of which are different than those of the charge in the indictment.

¶25. Fourth, the State argues that manslaughter is a lesser-included offense of murder, and, therefore, it should have been permitted to proceed. The State cites *Grayer v. State*, 519 So.2d 438 (Miss. 1988). The State's explanation of the law is incorrect.

¶26. In *Grayer*, the defendant sought the vacation of his guilty plea to the crime of assault with intent to rape. *Id*. Grayer argued that his "1970 conviction was unlawful because it was entered upon a plea of guilty to a crime for which he had not been indicted." *Id*. We found that "assault with intent to rape . . . is sufficiently a constituent offense of forcible rape such that a plea bargain induced guilty plea thereto under an indictment charging forcible rape will withstand subsequent post-conviction attack." *Id*. at 440. In footnote 3, we stated that:

> By way of analogy, we consider heat of passion manslaughter a lesser-included offense to the charge of murder, even though that particular form of manslaughter contemplates proof of a fact inconsistent with the principle charge of murder. See *Isom v. State*, 481 So.2d 820, 824-25 (Miss. 1985).

14

519 So.2d at 440 n.3.

¶27. In *Isom*, the defendant was indicted for murder and convicted of manslaughter. 481 So.2d at 821. On appeal, Isom argued that the trial court erred in giving the jury a special interrogatory and requiring the jury to deliberate for excessive hours. *Id.* Justice Robertson, in his concurring opinion, found that the elements of manslaughter and murder are different; therefore the trial judge's attempt to instruct the jury through a special interrogatory was an attempt to give an instruction on the lesser crime of manslaughter which was error. *Id.* at 825. Justice Robertson cited other opinions holding that there is a clear distinction between murder and manslaughter. *Id.* (*See Cook v. State*, 467 So.2d 203 (Miss. 1985); *Stevens v. State*, 458 So.2d 726 (Miss. 1984); *Murphy v. State*, 336 So.2d 213 (Miss. 1976); *Jones v. State*, 222 Miss. 387, 76 So.2d 201 (1954); *Newell v. State*, 209 Miss. 653, 48 So.2d 332 (1950); *Adams v. State*, 175 Miss. 868, 167 So. 59 (1936)). Footnote 3 in *Grayer* is wrong. The majority in *Grayer* inaccurately stated Justice Robertson's concurring opinion in *Isom*. Manslaughter is not a lesser-included offense of murder.

¶28. Fifth, the State argues that the facts in *Harris* are very different from the facts in the present case. The State argues that the holding in *Harris* is inapplicable.

¶29. The facts are not so different. Harris was indicted for murder, as was Shaw. After Harris was given a directed verdict on the charge of murder, the prosecution asked the trial judge to proceed on the unindicted charge of aggravated assault. After Shaw was given a directed verdict on the charge of murder, the prosecution asked the trial judge to proceed on the unindicted charge of manslaughter. Manslaughter and aggravated assault **are not** lesser-included offenses of murder. It follows that both prosecutors erred

15

in thinking that the trial judge should allow them to proceed on lesser charges for which neither defendant was indicted.

¶30. Sixth, the State argues that since this Court has power to correct a jury verdict and find a defendant guilty of a lesser-included offense and remand for sentencing, this Court should find that a trial court upon motion for a directed verdict can find a defendant guilty of a lesser-included offense. The State cites *Alford v. State*, 656 So.2d 1186 (Miss. 1995).

¶31. While it is true that this Court on appeal has found defendants guilty of lesser-included offenses, that does not support the conclusion that a trial court should be able to give a charge of a lesser offense for which a defendant has not been indicted. In *Alford*, the defendant was convicted of burglary of an inhabited dwelling. 656 So.2d at 1187. We held that the State had failed to prove an essential element to burglary, but Alford was guilty of the lesser-included offense of trespass. *Id.* at 1192. Again, we were passing upon a lesser-included offense. Manslaughter is not a lesser-included offense of murder.

¶32. Since manslaughter is not a lesser-included offense of murder, the trial judge was correct in denying the State's motion to proceed on the unindicted crime of manslaughter after he directed verdict in favor of Shaw on the indicted charge of murder.

## CONCLUSION

¶33. We affirm the trial court in its application of our holding in *Harris*. A defendant under indictment for murder is not sufficiently on notice of the possible submission of the charge of manslaughter. The fact that a trial judge is permitted to submit to a jury a lesser- included charge does not justify the submission of a purely "lesser charge." Our decision in *Ostrander* and case law from other jurisdictions are not contrary to our holding in *Harris*. Contrary to the State's argument, manslaughter is not a lesser-included offense of murder. The facts of this case are similar to *Harris*. Furthermore, our precedent of holding

16

defendants guilty of lesser-included offenses does not justify proceeding on an unindicted lesser offense.

¶34.  **PRESENTED QUESTION ANSWERED.**

**PITTMAN, C.J., EASLEY AND CARLSON, JJ., CONCUR. WALLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SMITH, P.J., AND COBB, J. DIAZ AND GRAVES, JJ., NOT PARTICIPATING.**

**WALLER, JUSTICE, DISSENTING:**

¶35.  Because the majority errs in concluding that manslaughter is not a lesser-included offense of murder, I respectfully dissent.

¶36.  Manslaughter is a lesser-included offense of murder because: (1) *Harris v. State*, 723 So.2d 546 (Miss. 1997), does not apply; (2) our case law clearly states that manslaughter is a lesser-included offense of murder; and (3) the applicable statute allows the jury to decide whether the defendant is guilty of a lesser-included offense.

¶37.  *Harris* is inapplicable because manslaughter is a lesser-included offense of murder. The reliance by the majority opinion on *Harris* is misplaced. *Harris* deals with a lesser offense and has no bearing on a lesser-included offense because "[c]rucial to that decision [*Harris*] is the fact that, under our longstanding precedents, assault is not viewed as a lesser-included offense to the crime of murder." *Wolfe v. State*, 743 So. 2d 380, 387 (Miss. 1999) (Banks, J., dissenting). *See also Fulcher v. State*, 805 So. 2d 556, 560-61 (Miss. Ct. App. 2001).

¶38.  We have consistently held that an indictment for murder includes the lesser-included charge of manslaughter:

> The long-standing common-law rule is that an indictment for murder includes all lower grades of felonious homicide. Under this general rule,

17

"on an indictment charging murder generally an accused may be found guilty of manslaughter . . . and, where manslaughter has been divided by statute into degrees, of any of the statutory degrees." 42 C.J.S. Indictments and Informations, § 280 (1944). This Court has repeatedly applied the general rule and upheld convictions of manslaughter obtained under an indictment for murder. *Wells v. State*, 305 So. 2d 333 (Miss. 1974); *Roberson v. State*, 257 So .2d 505 (Miss. 1972); *King v. State*, 251 Miss. 161, 168 So. 2d 637 (1964); *Calicoat v. State*, 131 Miss. 169, 95 So. 318 (1922).

*Kelly v. State*, 463 So. 2d 1070, 1073 (Miss. 1985).

¶39. The fact that manslaughter proof is inconsistent with that of murder is of no consequence. "[B]y way of analogy, we consider heat of passion manslaughter a lesser-included offense to the charge of murder, even though that particular form of manslaughter contemplates proof of facts inconsistent with the principal charge of murder." *Grayer v. State*, 519 So. 2d 438, 440 n.3 (Miss. 1988) (quoting *Isom v. State*, 481 So. 2d 820, 824-25 (Miss. 1985) (Robertson, J., concurring)). Manslaughter is a lesser-included offense of murder. *Id*. at 825.

¶40. The Court of Appeals has also addressed the murder-manslaughter issue and stated, "[i]n order to authorize [a lesser-included offense] instruction the more serious offense must include all the elements of the lesser offense, that is, it is impossible to commit the greater offense without at the same time committing the lesser-included offense." *Hester v. State*, 841 So. 2d 158, 162 (Miss. Ct. App. 2002) (quoting *Shannon v. State*, 739 So. 2d 468 (Miss. Ct. App. 1999) (quoting *Sanders v. State*, 479 So. 2d 1097, 1098 (Miss. 1985))). The Court of Appeals found that manslaughter is a lesser-included offense of murder under the *Shannon* test. *Hester*, 841 So. 2d at 162.

¶41. Along with our case law, our statutory law clearly allows the jury to find a defendant guilty for an "inferior offense" of the offense charged in the indictment.

18

On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, *the commission of which is necessarily included in the offense with which he is charged in the indictment,* whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose.

Miss. Code Ann. § 99-19-5 (2000) (emphasis added).

¶42.　　Since manslaughter is a lesser-included offense of murder, the jury here should have been allowed to decide whether Shaw is guilty of that lesser-included offense.

¶43.　　For these reasons, I respectfully dissent.

**SMITH, P.J., AND COBB, J., JOIN THIS OPINION.**